McKNIGHT, Appellant, v. McCUTCHEN, Respondent.

1. Where there has been no settlement of the accounts of a partnership and no balance ascertained, an action in the nature of an action of assumpsit can not be maintained by one partner against the other to recover such undetermined balance; it is not the province of the jury to take an account and adjust the equities arising out of unsettled partnership transactions.

*Appeal from St. Louis Court of Common Pleas.*

*Casselberry*, for appellant.

*Johnson*, for respondent.

I. One partner can not maintain assumpsit against another partner whilst the partnership concerns remain unadjusted. (Thompson v. Elliott, 5 Mo. 118; Springer v. Cabell, 10 Mo. 640; Murray v. Bogert, 14 Johns. 318; 17 Johns. 80; 11 La. 581; 2 La. Ann. 154, 277; Rice's Dig. 75.)

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff's petition is almost as general as the common counts in an action of assumpsit. The defendant denied all the allegations in the petition, and set up as a set-off a balance alleged to be due him on account of partnership transactions between him and the plaintiff. The cause was tried by a jury. It appeared on the trial that there had been a partnership between the parties in a mercantile adventure to  New Mexico; that there was a loss on it, and that the defendant was indebted to the plaintiff, but there never was any settlement between them, or a promise by the defendant to pay any given sum. The court instructed the jury that the plaintiff was not entitled to recover.

It was not the province of the jury to take an account and adjust the equities of the parties arising out of unsettled partnership transactions and to strike a balance, for the law has provided a more reliable and accurate mode of ascertaining the rights of partners after a dissolution. After the

facts of the case were developed by the proof, the plaintiff did not ask leave to reform his petition and make such averments as would entitle him to relief, and as he could not go to the jury on the case made, the instruction was properly given. It seems that if only one item of a partnership remains to be liquidated, one partner may sue another in assumpsit; (Byrd v. Fox, 8 Mo. 574;) but the law is well settled that when there has been no settlement of accounts, and no balance ascertained, one partner can not maintain assumpsit against another. (Stothert v. Knox, 5 Mo. 112; Springer v. Cabell, 10 Mo. 640.) This was the doctrine in Pennsylvania, where they have no courts of equity; and though it was argued that an action for money had and received should be allowed to perform the office of a bill in equity, Tilghman, C. J., said it was important that the forms of action should not be confounded, and that, as it would be extremely difficult and in many cases almost impossible to settle partnership accounts before a jury, it was most convenient that such accounts should be settled before auditors.

Judge Napton concurring, the judgment will be affirmed.