JEMIMA LINDELL, EXECUTRIX, &c., Plaintiff in Error, v. PELAGIE LEE et al., Defendants in Error.

*Partnership.*—The personal representative of a deceased partner cannot foreclose a mortgage or recover on the note given by one partner to secure a debt of the partnership.

### Error to St. Louis Land Court.

John Lee & Co., a firm composed of John Lee, Elliot Lee, and Jesse G. Lindell, gave a note to John Thornton for two thousand dollars, and Elliot Lee executed a mortgage to John Thornton to secure the payment of said note.

Jesse G. Lindell died, and his executrix took an assignment of said note from Thornton's executor, and filed her petition to foreclose the mortgage.

The court held that the debt was the debt of Jesse G. Lindell as well as Elliot Lee, and therefore that the debt was satisfied by the assignment, and that plaintiff could not foreclose.

Plaintiff took a nonsuit, with leave to move to set the same aside.

*Hill & Burwell*, for plaintiff in error.

*Glover & Shepley*, for defendants in error.

BATES, Judge, delivered the opinion of the court.

The mortgage was collateral to the note, and the plaintiff could not have a judgment for the foreclosure of the mortgage if she could not have recovered upon the note.

The plaintiff's testator having been a member of the firm which gave the note, she, by purchasing the note, which she was equally bound with the other members of the firm to pay, acquired a demand for so much money as she had expended for the use of the firm, which would be allowed her upon a settlement of the partnership. There is no averment or evidence of a settlement of the partnership accounts, or that this is the only unliquidated item. She cannot recover on the note. (McKnight v. McCutchen, 27 Mo. 436, and other cases.)

Judgment confirmed; Judges Bay and Dryden concur.