CLINGAN SCOTT, ADMINISTRATOR OF THE PARTNERSHIP ESTATE OF SCOTT BROTHERS, Appellant, *v.* SAMUEL B. CARUTH, Respondent.

1   *Partnership — Share may be recovered in action at law, when and when not.* — One partner cannot recover from another in an action at law a balance owing on the firm account, unless plaintiff has pleaded and proved a settlement showing such balance, or an agreement admitting the correctness of the claim. An unsettled partnership balance should be reached by bill in equity praying an account. And where plaintiff kept all the accounts, the petition should contain an exhibit of the partnership transactions. But *semble*, that in case of a regular settlement by account and judgment, an action at law might be entertained to recover a partner's share of a few cash items which had been omitted from the account, and the payment of which would close up everything, without reopening the settlement.

*Appeal from St. Louis Circuit Court.*

*Lubke & Player*, for appellant.

*Sharp & Broadhead*, and *T. G. C. Davis*, for respondent.

BLISS, Judge, delivered the opinion of the court.

In an action on an account stated, the plaintiff cited two items: one as half of loss on potatoes and onions, $172.98, and one as half of loss on tobacco, $6,621.95, and the whole of the account was denied.. The plaintiff was the only witness, and testified that all the other items of the account had been paid, and that these two were for half of the net losses upon two joint adventures; that in each of these adventures the plaintiff's firm furnished the money and made the sales, while defendant made the purchases in the one adventure of potatoes and onions, which were sent down the river, and in the other of tobacco, which was sent to New York and Europe. He testified that in each adventure the articles had been sold and the proceeds collected, and the result was a loss of twice the amount as charged in the account. The court held that the plaintiff could not recover on the pleading and evidence.

The petition is radically defective. Counsel claims that these items can be recovered in action at law, but even if his claim was admitted, the petition must show the facts, must show the adventure; that the plaintiff has settled up all its concerns, and that

there has been a loss, and he should make the proper exhibits to sustain his claim. But the claim itself is erroneous.

In Massachusetts, under the common-law system of pleadings, actions at law were sustained to recover a proper proportion due from a partner after the partnership had been closed and its affairs settled without a mutual adjustment. (Williams v. Henshaw, 11 Pick. 79.) But in Missouri we have steadily adhered to the rule that unless there has been a settlement between the parties, resort must be had to the equitable side of the court. No express promise is required, but there must be an agreement as to the claims, and a promise is implied from the obligation. The matter is thus taken out of the partnership and it becomes a personal debt, without any further examination of the partnership accounts.

We use the old terms "law" and "equity" from custom and convenience, but only to indicate the different modes of trial and the kind of relief sought. It is always difficult, and it would be often impossible, for a jury to make a proper partnership settlement. Judge Richardson, in McKnight v. McCutcheon, 27 Mo. 436, particularly says: "It was not the province of the jury to take an account and adjust the equities of the parties arising out of unsettled partnership transactions and to strike a balance, for the law has provided a more reliable and accurate mode of ascertaining the rights of partners after dissolution." When a single item remains unadjusted it is held, in Byrd v. Fox, 8 Mo. 574, and in Buckner v. Reis, 34 Mo. 357, that the rights of the parties could be settled by ordinary action, and it was also intimated in Bushnell v. Grimes, 46 Mo. 413, that after there had been a regular settlement by account and judgment, and it should appear that a few cash items had been withheld from settlement, and that their payment would close up everything, the court might entertain an action for the proper share without opening the settlement. In these exceptional cases there would be less inconvenience in a jury trial than in the usual proceeding, but cases like the present must be governed by the ordinary rule; the action should be for an account, and as the plaintiff kept all the accounts, the petition should contain an exhibit of the partnership transactions. (Pope v. Salsman, 35 Mo. 352.)

Counsel claim that the whole thing has been closed up, that all the accounts pertaining to the adventures are paid, and that there can be no necessity for readjustment in the ordinary way. But defendant may not admit the claim, and unless he does so the whole account must be overhauled. It is for that reason that jury issues are confined to cases where there has been a settlement between the parties, when the only inquiry is as to the result of that settlement, not its correctness.

Judgment affirmed. The other judges concur.