CLIFTON, *Plaintiff in Error*, v. HOWARD.

**Partnership** : PROFIT AND LOSS. A mere participation in profit and loss does not necessarily constitute a partnership, and in order to constitute a business association between two persons a partnership as to a creditor, to whom one of them became personally indebted before the formation of such business connection, the debtor must have an interest not only in the profits and losses, but also in the property itself which is the subject of the business association.

*Error to Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*A. W. Anthony* and *Cosgrove, Johnston & Pigott* for plaintiff in error.

(1) A partnership cannot be implied, as a matter

of law, from a business relation, if the parties thereto have not made or intended to make a partnership contract, and if they have done nothing to estop them from denying the existence of a partnership. *Beecher v. Bush*, 45 Mich. 188 ; *Roth. v. Kirchoff*, 12 Mo. App. 599. (2) Participation in the profits and losses of a firm does not necessarily vest in the participator such an interest in the firm property as will subject it to seizure under execution for his individual debts. *State ex rel. Overstreet v. Finn*, 11 Mo. App. 546 ; *Donnell v. Harshe*, 67 Mo. 170 ; *Musser v. Brink*, 68 Mo. 242 ; s. c., 80 Mo. 350 ; *Gillham v. Kerone*, 45 Mo. 487 ; *Rapp v. Vogel*, 45 Mo. 524 ; *McCauley's Adm'r v. Cleveland*, 21 Mo. 438 ; *Bartlett v. Jones*, 2 Strobhart (S. C.) 471 ; 49 Am. Decisions, 606 ; *Dwinel v. Stone*, 30 Me. 384 ; *Boston & Colorado Smelting Co. v. Smith*, 13 R. I. 27 ; 43 Am. Rep. 3 ; *Eastman v. Clark*, 53 N. H. 276 ; 16 Am. Rep. 192 ; *Burnett v. Snyder*, 81 N. Y. 550 ; 37 Am. Rep. 527 ; *Richardson v. Hughitt*, 76 N. Y. 55 ; 32 Am. Rep. 267 ; *Ashby v. Shaw*, 82 Mo. 76 ; *Alfaro v. De La Torre*, 3 Cent. L. J. 473 ; Story on Part. (7 Ed.) sec. 27, bottom pages 37, 38, 39. (3) Under the authorities above cited it is clear that the instructions asked on the part of the plaintiff and refused by the court below should have been given.

*R. F. Walker* and *Draffen & Williams* for defendant in error.

(1) The eighth instruction asked by plaintiff was properly refused. It is not true, as a matter of law, that, in order to make one a partner in a business, he must, in every case, "have the right to make contracts, incur liabilities, manage the whole business and dispose of the whole property." It is not uncommon for the partnership agreement to restrict the manage-

Clifton v. Howard.

ment to one partner and this is binding upon the partners and those having notice. It has never been held that such an arrangement destroyed the partnership. *Priest v. Chouteau*, 12 Mo. App. 252; *Cargill v. Owen*, 15 Mo. 425; *Dreyer v. Sander*, 48 Mo. 400. (2) The plaintiff, having asked the trial court to instruct the jury upon the theory that he and Estis were partners, and directing them to ascertain the value of the latter's interest in the cattle, is not in a good position to allege in this court that there was no sufficient proof of partnership. *Leabo v. Goode*, 67 Mo. 126; *Loomis v. Railroad*, 17 Mo. App. 340. (3) The instructions given upon the part of the defendant state the law correctly. Plaintiff and Estis were partners if they bought the cattle jointly and for the purpose of selling them and dividing the profits or losses of the venture between them. *Lucas v. Cole*, 57 Mo. 143; *Gilham v. Kerone*, 45 Mo. 487; *Lingle v. Smith*, 48 Mo. 276; *Myers v. Fields*, 37 Mo. 434. (4) The first, second, fourth, seventh and tenth instructions asked by plaintiff were properly refused. Plaintiff and Estis owned the cattle. The fact that they were indebted for them did not change the ownership. The sheriff was under no obligation to investigate the condition of the firm before levying his writ. *Wiles v. Maddex*, 26 Mo. 77; *Gilham v. Kerone*, 45 Mo. 487. After having held themselves out as partners, and thereby caused the sheriff, upon the faith of their acts to levy the writ they are estopped from denying the partnership to the extent of making him a trespasser. (6) There was no evidence upon which to base the sixth instruction.

HENRY, C. J.—This is an action of replevin to recover of defendant thirty-two head of fat cattle taken by him as the property of James K. Estis on an execution against Estis in favor of B. S. Walker. The defence was that plaintiff in this case and Estis had fraudulently con-

spired to cheat and defraud the creditors of Estis, who was in fact the owner of the property, and that Clifton's claim was made in furtherance of said fraudulent scheme.

The evidence tended to prove that plaintiff, Clifton, and Estis, both residents of Morgan county, had for years been purchasing and shipping cattle to St. Louis, each on his account and to different commission houses, Clifton to Irons & Cassidy, and Estis to Geo. R. Taylor & Company. That neither was using his own capital. That they severally had an agreement with their respective commission merchants, by which he was to purchase cattle for his commission merchant, and, when the cattle were delivered in the stock yards at Versailles and billed for shipment in the cars, he could draw a sight draft on his commission merchant for the amount paid for the cattle, he having previously paid for them by his individual checks on banks at Versailles. That when the cattle in controvesy were levied upon in the stock yards at Versailles they had been billed by Clifton to Irons & Cassidy, and Clifton had drawn a sight draft on them in favor of a bank at Versailles for the amount necessary to cover his checks on said bank to pay for the cattle. That said cattle were purchased by Clifton and paid for by his individual check on said bank, and that Estis had no interest in said cattle, except under the following arrangement made by and between him and Clifton, about two years before this bunch of cattle was purchased, viz: In order to avoid conflict and rivalry between them in the cattle trade in that neighborhood, it was agreed that in all lots of cattle bought in the same neighborhood, and shipped by either, the other should have half of the profits if any arising from the shipment and should pay half the losses of such shipment and sale, if any, and, in pursuance of said arrangement they often assisted each other in loading stock on the cars, and accompanied each other in purchasing, and when a portion of the cattle in controversy were purchased,

Estis was present, and was also present when the cattle were seized by Howard, the sheriff. That when either went out of his own neighborhood and bought cattle, it was on his own account, and the other did not share in the profits of such purchases. That between the time these cattle were levied upon, and the date at which they were replevied and shipped, cattle declined in St. Louis forty or fifty cents on the one hundred pounds. The demand of Walker against Estis was the individual debt of Estis, with which plaintiff had no connection whatever, and was contracted long before Clifton and Estis had any business connection with each other.

On the part of plaintiff, the court declared the law as follows:

"5. To maintain plaintiff's action, it is not necessary that he should have been the owner of the property seized by the sheriff; it is sufficient if he had them in his possession and under his care and control at the time, with some interest in the cattle, general or special."

"9. If the jury believe from the evidence, that J. K. Estis, was a partner of the plaintiff in the cattle in controversy, at the time they were levied upon by defendant, as the term partner is defined in another instruction, you are instructed that the defendant by such levy only acquired such interest in said cattle as the said Estis had in them at the time; and it is your duty to ascertain what such interest, if any, was worth, and this you must do from all the evidence in the case."

The court among others refused the following asked by plaintiff:

"2. If the jury should believe from the evidence that Estis had an interest in the cattle, but that such interest was simply a part of the profits that might accrue upon a sale of them, then he had no such interest in the cattle as would authorize their seizure or an execution against him."

"8. The court instructs the jury, that a mere par-

ticipation in profit and loss does not necessarily constitute a partnership. There must be such a community of interest as empowers each party to make contract, incur liabilities, manage the whole business, and dispose of the whole property ; and unless you believe from the evidence that J. K. Estis had such an interest in the cattle in controversy at the time of the levy by defendant, as above defined, you are instructed that he was not the partner of plaintiff."

"10. If you believe from the evidence that J. K. Estis, at the time said cattle were levied upon by defendant, was entitled to one-half of the net profits arising from their sale, and that afterwards when said cattle were sold, there was a loss on them, and no profits received, you are instructed that he then had no interest in said cattle and will find your verdict for the plaintiff."

For defendant the court declared the law as follows :

"1. The jury are instructed, that if they believe from the evidence, that the plaintiff, James M. Clifton, and one J. K. Estis, were, in the year 1881, buying and shipping stock to market, with the understanding and agreement between them that they would share the profits and divide the losses of such business, and that the cattle sued for, were purchased with the understanding that said Estis and Clifton were to divide the profits or losses of said venture, then, notwithstanding one of the parties may have procured the money to pay for said stock upon his individual draft, and may have shipped part of same in his own name, and notwithstanding it may have been their custom to ship one lot in the name of one of the parties to one commission house, and another to another firm in the name of the other party; still they were partners, and the said Estis had such an interest in the cattle sued for as was subject to be levied upon for his indi-

vidual debt; and if they believe from the evidence that the defendant, Howard, under and by virtue of an execution issued upon a judgment rendered in the circuit court of Morgan county, Missouri, in favor of B. S. Walker, and against the said J. K. Estis, did levy upon the interest of said Estis in said cattle, then said levy was rightful, and the jury must find for the defendant."

"2.    If the jury find for the defendant they will ascertain and declare in their verdict the value of the interest of J. K. Estis in the cattle seized by the sheriff."

"3.    If the jury find from the evidence that the plaintiff, James M. Clifton, and one J. K. Estis bought the cattle in controversy under an agreement between them, that the profits and losses should be shared by them equally, then they were partners and the defendant had the right to levy upon said stock under an execution against J. K. Estis, and he was not compelled to investigate the condition of the partnership accounts before making such levy; and although the jury may believe that upon the settlement of said partnership business, the interest of Estis was of no value, still defendant was justified in making said levy in obedience to the command of the execution, and their finding will be for defendant."

"4.    The jury are instructed, that if they believe from the evidence that Jas. M. Clifton and J. K. Estis were partners in the purchase of the cattle sued for, that is, that they bought the same to ship, and with the understanding that they were to divide the profits or losses of the venture between them, then *prima facie*, Estis was the owner of an undivided half; and even if they believe that the partnership was indebted to Irons & Cassidy, or other parties, for the purchase price, and that there were little or no profits realized, then they will find for the defendant and assess the value of Estis' interest at only a nominal amount."

The court tried the cause upon the theory, as indi-

cated by the instructions given at defendant's instance, and refused instructions of plaintiff, that a mere participation in the profits and loss of the venture by one who had no other interest in the property, was sufficient to constitute him a co-partner of the other party in the property itself. This question was elaborately considered in the opinion of this court delivered by Judge Napton, in the case of *Donnell v. Harshe*, 67 Mo. 170, and the conclusion announced was "that a mere participation in profit and loss does not necessarily constitute a partnership." This case was followed in that of *Musser v. Brink*, 68 Mo. 242, and again in the same case reported in 80 Mo. 350; *Rapp v. Vogel*, 45 Mo. 524, is to the same effect.

*Alfaro v. De La Torre*, decided by the English high court of chancery, a brief synopsis of which decision will be found in 3 Central Law Journal page 473, seems to be directly in point on the question, and in harmony with what this court held in the cases, *supra*.

In Story on Partnership, section 27, the learned author says: "And accordingly it has been held, at the common law, that if A is owner of goods, and agrees with B that B shall be interested in a particular portion of the profit and loss of the adventure, or voyage abroad, in which the goods are to be embarked, such an agreement will not alone make A and B partners in the goods, as between themselves, but only partners in the profits." As to persons who have dealt with them as partners this question would be presented. It is not however in this record, because the debt for which the cattle were seized, was contracted by Estis, on his own account, long before he and this plaintiff had formed any business connection. As to such a creditor, his debtor must have an interest not only in the profits and losses; but also in the property, the subject of the speculation. In *Alfaro v. De La Torre*, *supra*, the ruling seems to have been, that an agree-

ment between two persons to divide the profit or loss upon a sale of goods, which are to be bought and paid for by one of them, does not create a joint property in the goods.

The judgment is reversed and the cause remanded. All concur.