GABRIEL FEÜRT, EXECUTOR, ETC., Appellant, v. AM-
      BROSE BROWN ET AL., Respondents.

Kansas City Court of Appeals, November 22, 1886.

1. PRACTICE—DEMURRER TO EVIDENCE—DUTY DEVOLVING ON COURT
   IN DETERMINING.—In passing on a demurrer to the evidence the court
   is required to make every inference of fact in favor of the party
   offering the evidence, which a jury might, with any degree of pro-
   priety, have inferred in his favor. And the court is not at liberty
   to make inferences of fact in *favor of defendant*, to *countervail* or
   overthrow either presumptions of law or inferences of fact in favor
   of the plaintiff, as this would be usurping the province of the jury.

2. PARTNERSHIP—AUTHORITY OF MEMBER AS TO SIGNING OF NOTE, ETC.
   A member of a trading partnership is authorized to sign the firm
   name to a note, in the usual course of business. And the presump-
   tion is that all paper upon which the signature of a trading firm
   has been put by a partner, is the paper and bears the signature of
   the partnership.

3. ——— SETTLEMENT OF ACCOUNTS—ACTION BY PARTNER.—When
   there has not been a settlement of accounts and a balance ascer-
   tained, one partner cannot maintain *assumpsit* against another, but
   if only one item of the partnership remains to be liquidated, such
   action will lie.

APPEAL from Gentry Circuit Court, HON. CHAS. H.
S. GOODMAN, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion.

KARNES & KRAUTHOFF, with C. H. MANSUR, for
the appellant.

I. Only one item remaining unadjusted between
them, one partner may sue his co-partners *at law* there-
for. *Buckner v. Rees*, 34 Mo. 357; *Russell v. Grimes*,
46 Mo. 410; *Bethel v. Rankin*, 57 Mo. 466. Such an
action also lies on the express promise evidenced by the

note sued on. *Crate v. Bininger*, 45 N. Y. 545; *Venning v. Luckie*, 13 East. 7. And the general presumption of law, that all paper upon which the signature of the firm has been put by a partner is firm paper given in the usual course of business, is applicable although the firm name was signed by the partner who is named as payee of the paper in question. 1 Parsons on Bills and Notes, 128; Parsons on Partnership [2 Ed.] *202; 1 Daniel on Neg. Insts., sect. 369; *Hickman v. Kunkle*, 27 Mo. 401. Want of consideration or fraud will not be *presumed*, and were not *proved* in this case.

II. The court erred in holding that there was no evidence warranting a recovery by plaintiff. The note standing unimpeached was such evidence. The weight of the other evidence and the inferences to be drawn from it, are not to be decided as questions of law.

CRITTENDEN, McDOUGAL & STILES, for the respondents.

I. The case being tried by the court as a jury, its finding will stand the same as a verdict. *Conrad v. Bett*, 22 Mo. 166; *Beck v. Pollard*, 55 Mo. 26; *Moore v. Davis*, 51 Mo. 233. The finding will not be set aside if there is any evidence to sustain it. *Blumenthal v. Torini*, 40 Mo. 159; *The State v. Cook*, 58 Mo. 546; *Davis v. Cox*, 59 Mo. 125; *Smith v. Crews*, 2 Mo. App. 269.

II. The verdict or finding will not be disturbed unless the preponderance of evidence is so overwhelming as to indicate passion, prejudice, or misconduct on the part of the jury or court. *Mulliken v. Grier*, 5 Mo. 489; *Campbell v. Hood*, 6 Mo. 211; *Robbins v. Insurance Co.*, 12 Mo. 380; *Baker v. Stonebraker*, 36 Mo. 338. Where there is any conflict in the evidence, *or any reason for a substantial doubt*, the court will not disturb the finding or verdict. *Garvin v. Williams*, 50 Mo. 206; *Hearne v. Keith*, 63 Mo. 84.

III. The error in the instruction complained of is

merely technical, and could not materially affect the merits of the action. If the finding was justified on the whole record, there is no ground for reversal. Rev. Stat., sect. 3775 ; *Walter v. Cathcart*, 18 Mo. 256 ; *The State v. Vaughan*, 26 Mo. 29 ; *Patten v. Weightman*, 51 Mo. 432. And so where the finding was for the right party. *Rowell v. St. Louis*, 50 Mo. 92 ; *Barr v. Armstrong*, 56 Mo. 577 ; *Nelson v. Foster*, 66 Mo. 381. Or where an instruction was refused, if the result would have been the same. *Insurance Co. v. Gairzhorn*, 2 Mo. App. 205.

IV. There having been no settlement with reference to this note, this suit is not maintainable. *Springer v. Cahill*, 10 Mo. 641 ; *McKnight v. McCutchen*, 27 Mo. 436 ; *Smith v. Smith*, 33 Mo. 557.

ELLISON, J.—This is an action on a promissory note. The petition alleges the death of Benjamin G. Kimball, the payee, and the appointment of plaintiff as his executor. It also states that Kimball and these defendants were partners doing business as wholesale lumber dealers at various points in Northwest Missouri. That the firm executed the note to said Kimball, a member thereof, by which they promised to pay him six months after date, etc. It further alleges a settlement of all the partnership affairs, with the exception of the note sued on, which was, by mutual agreement, left unadjusted. The prayer was for judgment for two-thirds of the note and interest. The answer denied a settlement of the partnership affairs and pleaded a want of consideration for the note.

On the trial which was had before the court without the intervention of a jury, the partnership was admitted, and it was also admitted that during the existence of the partnership, Kimball was its cashier and treasurer, that he kept the cash books and accounts and looked after the financial affairs of the firm. On these admissions plaintiff introduced a witness who testified to a full and satisfactory settlement of all the partnership affairs

save this note, which was omitted by agreement of the parties.

The witness further testified he found another note, the duplicate of the one in this suit, except it was dated a few days earlier and was payable to Kimball, as guardian of the Ellis heirs, the two notes being in Kimball's handwriting. That after diligent search he could not find where the proceeds of the note in suit went into the business of the firm, yet he did find where three items or debts owed by the firm, amounting to about five hundred dollars, had been paid by Kimball, and for which Kimball had no corresponding credit on the partnership books. The plaintiff then read in evidence the note in suit and rested. Defendants, in addition to what was shown by plaintiff, only offered evidence showing the note in suit and the signature thereto, was all in the handwriting of Kimball.

On this evidence the court gave the following instruction, to-wit: "Upon the pleadings and proof in this case, offered on the part of plaintiff, no case is made *prima facie* entitling the plaintiff to recover, hence the finding and judgment should be for defendants."

In considering this instruction, the words *prima facie* may be omitted, and the instruction taken as a demurrer to plaintiff's case, for it amounts to that as it stands. The question then is, does the law, as applied to the testimony on plaintiff's behalf, disentitle him to a consideration of the facts as he has presented them?

We do not so consider it. In passing on a demurrer to the evidence the court is required to make every inference of fact in favor of the party offering the evidence, which a jury might, with any degree of propriety, have inferred in his favor. *Fisher v. Railroad, ante,* page 201.

And "the court is not at liberty, in passing on such demurrer, to make inferences of fact in favor of the defendant, to countervail or overthrow either presumptions

of law or inferences of fact in favor of the plaintiff; that would clearly be usurping the province of the jury." *Buesching v. Gas Light Co.*, 73 Mo. 219. Applying this rule to the case before us, it is clear the instruction should not have been given.

Plaintiff's evidence discloses this to have been a mercantile concern—a trading partnership—and the note to have been signed by a member of such character of partnership. He had authority to do this. The case of *Hickman v. Kunkle* (27 Mo. 401), on this subject, as applicable to this sort of partnership, has not been limited as an authority in the case of *Deardorf v. Thacher* (78 Mo. 128). On the contrary, the latter case upholds the doctrine we here assert. It is objected, however, that discredit sufficient to change the *onus* of proof, was cast on this note from the fact of it having been executed by a member of the firm, who is the payee. This, I think, should not alter the presumption that all paper upon which the signature of a trading firm has been put by a partner, is the paper and bears the signature of the partnership. Parsons on Partnership, 211 [2 Ed]; *Haldeman & Grubb v. Bank of Middletown*, 28 Pa. St. 440. "The law does not require us to suspect that such paper is got up by one partner in order to defraud his copartners, much less does it infer that such was the fact." *Ihmsen v. Negley*, 25 Pa. St. 297.

It is urged that the trial being before the court, its conclusion on the facts should be considered the same as the verdict of a jury, and should not be disturbed by an appellate tribunal. We grant this, but the difficulty is, that here the court does not submit the case hypothetically—the facts are not submitted to be passed on—the case is peremptorily taken from the triers of the facts.

II. It is submitted, however, that plaintiff cannot recover in any event, as Kimball and defendants were partners, and the item of this note had not been settled or adjusted between them. It is true that, when there has not been a settlement of accounts and a balance

ascertained, one partner cannot maintain *assumpsit* against another, but if only one item of the partnership remains to be liquidated, such action will lie. *McKnight v. McCutchen*, 27 Mo. 436 ; *Scott v. Caruth*, 50 Mo. 120 ; *Russell v. Grimes*, 46 Mo. 410 ; *Buckner v. Reis*, 34 Mo. 357. It is undisputed in this case that all the partnership affairs were settled save the item in suit, from which it results, under the authorities cited, that the action is maintainable in its present form. There are no equities to adjust nor accounting to take, as would be the case had there been no settlement ; there is but the single item, and I see no reason why it could not be settled between the parties by a jury, in an ordinary action at law.

The judgment is reversed and the cause remanded. All concur.