JOHN H. RANKIN, Appellant, v. D. A. FAIRLEY, Respondent.

Kansas City Court of Appeals, March 19, 1888.

1. ACTION—PARTNERSHIP—SUIT OF ONE PARTNER AGAINST ANOTHER. It is settled law that an action of one partner against another on an unsettled account of more than a single item, is strictly an equitable action.

2. PARTNERSHIP—WHAT CONSTITUTES 'INTER SESE.—What a partnership is, as between the parties themselves, is largely a question of intention; the agreement and intention of the parties should govern in all cases. But a mere participation in profit and loss does not necessarily constitute a partnership; there must be such a community of interests as empowers each party to make contracts, incur liabilities, manage the whole business, and dispose of the whole property, a right which upon dissolution of the partnership by death of one passes to the survivor, and not to the representatives of the deceased.

3. JURISDICTION—WHERE JUSTICE OF PEACE HAS NONE OF SUBJECT-MATTER—HOW UPON APPEAL—CASE ADJUDGED.—Where in the case of an appeal from the judgment of a justice of the peace, the justice had no jurisdiction of the subject-matter, as in this case, none was acquired by the circuit court by the appeal; and no action which the appellant could take in that court would confer jurisdiction. Section 3060, Revised Statutes (relating to amendments in the circuit court in cases of appeals from justices), has no application to a case of this character.

Appeal from Morgan Circuit Court, Hon. E. L. Edwards, Judge.

*Affirmed.*

The case is stated in the opinion.

Anthony & Bohling, for the appellant.

I. Rankin and Fairley were not partners within the meaning of the law. *Clifton v. Howard*, 89 Mo. 192; *Newberger v. Friede*, 23 Mo. App. 631; *Priest v. Chouteau*, 12 Mo. App. 252; *Ashley v. Shaw*, 82 Mo. 76; *Donnel v. Harshe*, 67 Mo. 170; *Musser v. Brink*, 68 Mo. 242; s. c., 80 Mo. 350; *Reilly v. Reilly*, 14 Mo. App. 62; *Cramer v. Bachman*, 68 Mo. 310.

II. Rankin's declaration that he and Fairley were partners does not make them partners, if the facts in evidence show the contrary, any more than his denial would disprove the existence of a partnership, if the facts showed otherwise. *Roth v. Kirchhoff*, 12 Mo. App. 599; *Dowzelot v. Rawlings*, 58 Mo. 75; *Campbell v. Dent*, 54 Mo. 325.

III. The suit upon the account stated before the justice was not a "strictly equitable proceeding" within the meaning of section 2837, Revised Statutes. Unless the proceeding be strictly equitable, and the justice is called upon to administer equitable relief, he has jurisdiction in all cases of money demands when the amount claimed is within his jurisdiction, and to hear and determine the same, "as the very right thereof shall appear by the testimony." Rev. Stat., sec. 2947.

IV. If a strictly equitable proceeding, and the justice had no jurisdiction, the account could be amended in the circuit court so as to confer jurisdiction. *Mitchell v. Railroad*, 82 Mo. 106; *Kitchen v. Railroad*, 82 Mo. 687; *Lotman v. Barnett*, 62 Mo. 159; *Burden v. Hensly*, 50 Mo. 238. And jurisdictional defects may be supplied or remedied. *Vaughan v. Railroad*, 17 Mo. App. 4; 23 Mo. App. 631; *Goddard v. Williamson*, 72 Mo. 131.

V. After amendment the defendant appearing to the cause of action as amended, gave the circuit court jurisdiction, if it had none before.

VI. A single unsettled item may be sued upon at law. *Byrd v. Fox*, 8 Mo. 574; *Buckner v. Ries*, 34 Mo. 357.

VII. It is clear from the evidence, that the item retained in the account had nothing to do with the alleged partnership business. Rankin was employed to do certain work, which he did. If the justice had jurisdiction over any item of the account, it was not lost by uniting with it something without such jurisdiction, especially when the latter was dismissed.

VIII. It is insisted that a justice of the peace has equitable jurisdiction in any case but a "strictly equitable proceeding." The case at bar does not belong to that class. The contrary is held in *Newberger v. Friede*, 23 Mo. App. 631, but the reasons given are not satisfactory. This case is a money demand, simply, unaffected with complications or trusts.

IX. It was never intended by the legislature to compel parties to go into the circuit court to settle partnership differences of five or ten dollars. We think a fair construction of the law gives the justice jurisdiction even if a partnership existed, which is denied. The justice is not clothed with the authority of a chancellor. His court is simply given jurisdiction and the case is tried like any other.

DRAFFEN & WILLIAMS and D. E. WRAY, for the respondent.

I. The parties were partners in the matter out of which the suit originated. It was a joint venture and under their joint control. *Plummer v. Trost*, 81 Mo. 425 ; *Snider v. Burnham*, 77 Mo. 52 ; *Brownlee v. Allen*, 21 Mo. 125 ; *Priest v. Chouteau*, 12 Mo. App. 252 ; *Richards v. Grinnell*, 50 Am. Rep. 727.

II. The parties jointly procured the land, sowed and harvested the crop, and owned it in common. And

their contract and conduct showed their intention to become partners. *Richards v. Grinnell*, 63 Iowa, 34.

III.   It is well settled, that an action at law between partners, in reference to partnership matters, and before a settlement, will not lie.   The justice of the peace had no jurisdiction, and the circuit court acquired none by the appeal. *Newberger v. Friede*, 23 Mo. App. 631; *McKnight v. McCutchen*, 27 Mo. 436; *Boyce v. Bowman*, 15 Mo. App. 578.

IV.   If the justice had no jurisdiction, the circuit court could acquire none, by a renunciation of a part of the demand, after the case reached the latter court. Where the justice had jurisdiction, but the papers failed to show it, this, under the Revision of 1879, may be supplied, by amendment, in the circuit court.   It is otherwise, where the case is wholly without the jurisdiction of the justice. *McQuoid v. Lamb*, 19 Mo. App. 153; *Peddicord v. Railroad*, 85 Mo. 160; *Webb v. Tweedie*, 30 Mo. 488.   The circuit court had no jurisdiction of the case, when the appeal was first returned to that court.   Its jurisdiction, therefore, was not acquired by the appeal.   It could not, after the amendment, have proceeded in this particular case, by virtue of its original jurisdiction, six dollars, only, being involved, and the suit being at law.   So the court was without jurisdiction, even if a suit at law could be maintained upon one item of a partnership account, when others were in dispute.

V.   The amendment did not help the plaintiff.   The principle, permitting an action at law between partners, where but a single item of the partnership account remains unsettled, had no application.   This does not mean that a suit may be brought for one item, when the evidence develops the fact that the account is unsettled, and a number of other items are in dispute.

Ellison, J.—This suit was commenced before a justice of the peace, and was taken to the circuit court

by appeal.   The following is a copy of the account sued on before the justice :

> "1886.   D. A. Fairley, Dr.   To John H. Rankin.
>
> April 6, to 6 days superintendent putting
>   in oats for D. A. Fairley..............$ 6.00
> July 5, to 3 hands, 1 1-2 day, $1.50 per
>   day.................................   6.75
> July 9, to 3 hands, 4 days, $1.50 per day,
>   $18. 1-2...........................  ....   9.00
> July 9, to cutting 76 acres of oats, $1.25
>   per acre, $95. 1-2..................... 47.50
>
> Total amount due Rankin..........$68.75 "

The trial was had before a jury.   Rankin, plaintiff, and appellant, testified as per the following synopsis of his evidence:   " Taylor was in town one day and he said he had eighty acres of ground he wanted to let to some one to put in.   I told him I would like to have that job, if I had some one to help me ; " that he saw Fairley (the respondent) and they agreed to take the ground and sow it in oats.   The contract with Fairley was "half and half all the way through—half of the teams, half of the hands.   I told Fairley when the oats were ready to cut, he said all right.   I told him I was going on with the cutting, and I did.   Culbertson came to me and asked me if I could not cut the oats (Fairley's half) for a dollar an acre.   I said no, I would not.   I waited till eight or nine o'clock and Fairley did not come. We cut my half and then cut the balance.   We had to · cut them for they were dead ripe.   I wanted Fairley to pay me half what it cost, but he would not do it.   It cost me two dollars and a half per acre, and I charged him $1.25, just half.   The oats were to be divided in the shock.   Two dollars and a half was the customary price. I cut five or six hundred acres, and never got less for it. There were five or six teams at work when the oats were put in, and I superintended putting them in.   The charge for ' 3 hands 1 1-2 days at $1.50 per day,' was for

shocking the oats. I was to cut the oats and Fairley was to shock them. I shocked them; he never paid me for it.

"CROSS-EXAMINED.—The account is for Fairley's failure to do his half of the work."

Q. "You and he were in partnership? A. Yes, sir. He was to sow them, I was to cut them. We were equal partners in the whole matter. He told me to have the shocking done, and I did."

Q. "Then the whole question grows out of a difference in a partnership transaction. A. Yes, sir."

At this point the defendant objected to the admission of any further testimony, on the ground that an action at law will not lie between partners; and because the justice had no jurisdiction of the case, and this court acquired none. Objection sustained, and plaintiff excepted. The plaintiff then, by leave of the court, dismissed as to all the items of said account except this item: "July 5, three hands 1 1-2 days at $1.50 per day, $6.75." Plaintiff, being recalled, testified: "This item is for shocking the oats. When the oats got ready to cut, I told Fairley to get hands ready for shocking. He told me to do that and he would pay me. So I got men to do the shocking. I paid them six or seven dollars.

"RE-CROSS-EXAMINED.—Fairley agreed to furnish the seed and put in the oats. I was to cut them and he was to shock them. They were to be divided in the shock. Fairley told me to hire hands to shock the oats and I did. I paid for it out of my own pocket."

Defendant objected to any further evidence in the case for the reason that it appeared that the suit was an action at law to recover upon an unsettled partnership transaction, and that plaintiff could not maintain the jurisdiction of the court by dismissing all of the account except one item, it appearing that there were other unsettled matters outstanding, and that the account as sued on before the justice of the peace was a partnership account; that the justice had no jurisdiction to

try the same, and this court acquired none by appeal, and that plaintiff, under his own evidence, could not recover on his account as amended. Which objections were by the court sustained, and the court refused to permit plaintiff to introduce further evidence for any purpose in the case; and plaintiff duly excepted to said ruling. Plaintiff then took a nonsuit with leave to move to set the same aside, and in proper time filed the motion, calling the attention of the court to the several matters excepted to, and to the errors of said court; which said motion was overruled. Bill of exceptions signed and filed, and case taken up on appeal.

I. If this action is based on an unsettled account between partners, there is no doubt that the justice of the peace had no jurisdiction and that the circuit court could acquire none on appeal. The statute of 1879 (sec. 2837) provides that, "No justice of the peace shall have jurisdiction to hear or try * * * . any strictly equitable proceeding." That an action of one partner against another on an unsettled account of more than a single item is strictly an equitable action is settled law. The remedy in such cases is in equity. *McKnight v. McCutchen*, 27 Mo. 436; *Newberger v. Friede*, 23 Mo. App. 631. But it is said by counsel that there was no partnership between the parties to this action, and that, therefore, the account is not a partnership account. The question of partnership *inter sese* is not always easy of solution. It is stated by Judge Story, and in *Campbell v. Dent*, 54 Mo. 325, to be largely a question of intention. The agreement and intention of the parties should govern in all cases. "If they intend a partnership in the capital stock, or in the profits, or in both," they will be held as such as between themselves and third persons. In the case at bar plaintiff's testimony was that they were partners. Such was their understanding, and such, indeed, was their contract. *Plummer v. Trost*, 81 Mo. 425; *Sneider v. Burnham*, 77 Mo.

52.   It is held in *Donnell v. Harshe*, 67 Mo. 170 ; *Musser v. Brink*, 68 Mo. 242, and *Clifton v. Howard*, 89 Mo. 192, " that a mere participation in profit and loss does not necessarily constitute a partnership." It is said in those cases that "there must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business, and dispose of the whole property ; a right which, upon the dissolution of the partnership by death of one, passes to the survivor and not to the representatives of the deceased." Here the parties were the joint owners of the property, and were possessed of such powers and were liable to such obligations as are stated in the cases last cited. It is true they agreed that each should do a certain portion of the work, but this was nothing more than if in a mercantile partnership it was agreed that one partner should be the bookkeeper and the other the salesman.

II.   It is further contended that the court erred in excluding plaintiff's testimony after he had dismissed as to all but one item in the account. There was no error in this. It is true that an action at law may be maintained where there is but one item, leaving but one matter to be liquidated which may be adjusted at law as well as in equity. But in this case it appears the whole partnership affair, consisting of many items, and requiring an adjustment of accounts, is unsettled. The very case is presented which must be adjusted in equity. The justice had no jurisdiction of the subject-matter, and none was acquired by the circuit court ; such being the case, no action which the plaintiff could take could confer such jurisdiction.

Section 3060, Revised Statutes, has no application to a case of this character. The Supreme Court and this court have held that that section would authorize an amendment on appeal supplying some statement necessary to the jurisdiction of the justice, but it has never been held that it would justify an amendment changing either the cause of action or giving jurisdic-

tion over the subject-matter not had by the justice when the suit was instituted. And even though it could be said that, as the plaintiff dismissed as to all his account but the one item, it amounted to a renunciation of all that part of his claim, and left only the one item to adjust, yet the objection that the justice had no jurisdiction of the cause of action remains, and if he had no jurisdiction of the subject-matter of the cause of action, none could be conferred on the circuit court by appeal.

We have considered the points and authorities presented in plaintiff's original and supplemental brief, but can arrive at no other conclusion than as above set forth.

The judgment is affirmed. All concur.