E. W. WRIGHT *et al.*, Defendants in Error, v. JAMES A. RADCLIFFE *et al.*, Plaintiffs in Error.

St. Louis Court of Appeals, February 26, 1895.

1. **Partnership:** ACCOUNTING: EQUITABLE JURISDICTION. It is the peculiar province of a court of chancery to determine the interests of partners *inter sese*, and, at their instance, to see that the assets of the firm are applied to the satisfaction of partnership debts.

2. ———: LEVIES OF EXECUTIONS FOR INDEBTEDNESS OF PARTNER INDIVIDUALLY. A levy on partnership assets of an execution against one of the partners, individually, will not displace the equitable right of his copartners to have the partnership assets applied to the payment of the partnership liabilities existing at the time of the levy.

3. **Pleadings:** OBJECTIONS TO INSUFFICIENCY OF PETITION. The objection, that an essential allegation is made only by intendment in a petition, can not be raised after judgment; nor can it be raised before judgment by motion to exclude testimony.

*Error to the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

L. D. Grove and G. A. Standard for plaintiffs in error.

*E. R. Lentz* for defendants in error.

Equity has always had jurisdiction of the settlement of partnership accounts. Snell's Principles of Equity, p. 427; *Rankin v. Fairley*, 29 Mo. App. 593; *McKnight v. McCutcheon*, 27 Mo. 436; *Newberger v. Friede*, 23 Mo. App. 631; *Lindell v. Lee*, 34 Mo. 103; *Scott v. Caruth*, 50 Mo. 120.   Having acquired jurisdiction for that purpose, equity will retain it for the purpose of settling partnership affairs, and will restrain interference by creditors of members individually with partnership property. Snell's Principles of Equity, p. 482; 3 Wait's Actions and Defenses, p. 205; *Rathbone v. Warner*, 10 Johns. 587; *Corby v. Bear*, 44 Mo. 381; *Savings Institution v. Colonious*, 63 Mo. 295.

BOND, J.—Plaintiffs, Wright and Dalton, state in their petition that on the eighteenth day of January, 1891, they bought the interest of one Warne in a partnership, of which he was a member, carried on under the style of "Radcliffe & Warne," and on the same day formed an agreement of copartnership with said Radcliffe, whereby the business should be conducted under the firm name of "Wright & Dalton Machine Company;" and that this firm continued until the twenty-eighth day of January, 1891, when Radcliffe sold out to the plaintiffs.   The petition then alleges that plaintiffs were induced to purchase their interest in the partnership of Radcliffe & Warne by the misrepresentation of Radcliffe as to the amount of partnership indebtedness of said firm.   The petition further states, to wit:   "Complainants further allege and show that the indebtedness of the said copartnership of Radcliffe & Warne far exceeded the sum of $600 or $700, as was represented by the said Radcliffe, but in truth and in fact amounted to $1,637; that the

said property which complainants acquired by their said purchase from the said Warne, being the partnership property of the said Radcliffe & Warne, was charged with the partnership debts of the said copartnership, and these complainants have been compelled to and did pay all of the said copartnership debts of the said Radcliffe & Warne, in order to save and protect the said property which they so acquired by their said purchase from the said Warne, and which then became, and was, the copartnership property of the said copartnership of the Wright & Dalton Machine Company, so that these complainants have been compelled to, and did, put into the said business of the said copartnership of the said Wright & Dalton Machine Company from $900 to $1,000 more than they agreed to put into the same by their said agreement, and from $1,200 to $1,300 more than said Radcliffe put into the same; that the said Radcliffe has not paid to these complainants the said sum of money which they have been compelled to pay on account of the indebtedness of the said Radcliffe & Warne, nor has he in any way settled with or accounted to these complainants for the same.

"Complainants further represent and show that, prior to the entering into the said copartnership arrangement, the said Radcliffe had executed to one George Kolb a mortgage for the sum of $155 on a part of the partnership property belonging to the said Radcliffe & Warne, of which these complainants knew nothing at the time, but that these complainants have been compelled to take and satisfy said mortgage, but that, in taking up the same, took an assignment of the same to these complainants; and they now hold the same as a charge on any interest which the said Radcliffe may have in and to any of said copartnership property.

"These complainants further represent and show that the said $900 or $1,000, which they have been compelled to pay on account of the prior indebtedness of the said Radcliffe & Warne, as aforesaid, and the said mortgage so held by them, as aforesaid, constitute an equity in favor of these complainants and against the said James A. Radcliffe, which said equity is paramount and superior to any claim of defendants upon the said copartnership property for the individual debts of the said James A. Radcliffe.

"These complainants further represent and show that the entire partnership property of the Wright & Dalton Machine Company will not amount to as much as the complainants have been compelled to pay on account of the said Radcliffe & Warne, as aforesaid, together with the said $600 which these complainants by their said copartnership agreement agreed to, and did, put into the said copartnership of the Wright & Dalton Machine Company.

"These complainants further represent and show that shortly, before the execution of the said bill of sale from the said Radcliffe to these complainants, the defendants, James R. Hogg and Thomas M. Johnson and the firm of Babcock & Tetwiler, all of whom are made defendants herein, severally sued out attachments before J. R. Crum, justice of the peace in and for the county of Butler, against the said James A. Radcliffe, and caused the same to be levied on the said copartnership property of the said copartnership of the said Wright & Dalton Machine Company and have caused such action to be taken as that judgment has been rendered in said cause against the said James A. Radcliffe and in favor of the several plaintiffs therein, all of whom are made parties defendant herein, and have caused execution to be issued thereon and placed in the hands of defendant Benjamin C. Jonas, who is the constable

of Poplar Bluff township, Butler county, Missouri, and who has levied the same upon the property of the said copartnership of Wright & Dalton Machine Company, and has advertised the same for sale, under and by virtue of the said several executions, and will, unless restrained by this honorable court, sell the same on the thirtieth day of March."

The petition prays an accounting between plaintiffs and said Radcliffe, a settlement of the copartnership, and an injunction restraining the enforcement of the execution of his private creditors in the firm assets until the affairs of the copartnership shall have been settled and all the equities of the parties adjusted by decree.

The execution creditors, who were made defendants to the foregoing petition, answered, neither admitting nor denying the statements of the petition, except as to the obtention of their judgments, and calling for proof of all other allegations, and averring that plaintiffs' remedy, if they had any, was at law. Defendant Radcliffe made default. The court found that defendant Radcliffe had no interest in the partnership assets when the same was levied upon by his private creditors, and perpetually enjoined said creditors from the enforcement of their judgments out of the partnership assets. The case comes here by writ of error.

The evidence is not preserved in a bill of exceptions; hence, the only question before us is the sufficiency of the petition to sustain the judgment upon the assumption that the findings therein made were established by the evidence adduced on the trial. That the petition states a cause of action for equitable relief can not be questioned, for it is the peculiar province of courts of chancery to determine the interests, *inter sese*, of copartners, and, at their instance to see that the assets of the firm are applied to the satisfaction of the

partnership creditors. *McKnight v. McCutcheon*, 27 Mo. 436; *Lindell v. Lees*, 34 Mo. 103; *Scott v. Caruth*, 50 Mo. 120; *Rankin v. Fairley*, 29 Mo. App. 593; *Shackleford v. Clark*, 78 Mo. *loc. cit.* 493.

There is no merit in the contention that the petition in this case is fatally defective in its statement of a cause of action for the ascertainment of the interest of the defendant Radcliffe, and a limitation of the right of his private creditors to the interest remaining in him after the settlement of the partnership indebtedness which existed at the time of the levy of the process. This residue was all the private creditors could convey, even by a seizure of the assets of the partnership in specie and a sale thereof under execution. *Shackleford v. Clark*, *supra; Wiles v. Maddox*, 26 Mo. 77. Nor is there any force in the suggestion of the learned counsel for plaintiffs in error, that the bill of sale from Radcliffe was made to his copartners after the attachment of his interest by his individual creditors. The equities of his copartners do not depend upon the bill of sale, but grow out of the payment by them of partnership indebtedness which existed at the time of said levy. To satisfy such existing firm indebtedness, they had an equitable lien upon the firm assets which was not displaced by a levy of attachments by the separate creditors. The counsel for plaintiffs in error urges that the petition states only by intendment the payment by defendants in error of the partnership indebtedness, existing when the attachments against Radcliffe were levied upon the firm assets. If this be conceded for argument, still it is an objection which can not be considered after judgment; nor could it be raised before judgment by motion to exclude testimony, as was attempted in this case. *Lynch v. Railroad*, 111 Mo. *loc. cit.* 604.

The petition in this case fully warrants the decree

rendered. In the absence of any bill of exception, there is no other question for review. The judgment of the circuit court will be affirmed. All concur.