## George Brinley *et al. versus* Charles F. Kupfer.

Where in an action between partners to recover the balance due from the defendant upon the dissolution of the firm, the plaintiff obtained a verdict, but it appeared at the trial that there was one debt against the firm which had not been paid, the plaintiff was nevertheless permitted to take judgment, upon releasing to the defendant the amount of that debt.

Assumpsit to recover one third of the loss on a manufac tory of glass bottles, carried on by the two plaintiffs (Brinley and Stimpson) and the defendant, in copartnership. Trial before *Parker* C. J.

The jury found that the copartnership had been dissolved by mutual consent.

It appearing in the course of the evidence, that there were two outstanding claims against the company, at the commencement of the suit, and which remained still unpaid, the defendant contended that the action could not be sustained.

One of these claims (for 7 dollars and 25 cents) was the bill of an auctioneer, who was employed to sell a lease of the establishment, and the implements, for advertising, &c. This, at first, was charged by the auctioneer to Kupfer, but the bill, at the request of Kupfer, was made out to George Brinley & Co.

The other claim (for 45 dollars) was a bill for materials, in favor of one Dow. Dow testified that he had presented it to Brinley & Co., who said it must be approved by Kupfer, and he then applied to Kupfer, who declined approving it.

Kupfer was the superintendent of the works, receiving a salary, and he had the whole care of the works, workmen, &c. Brinley & Co. furnished the capital, kept the accounts, purchased and paid for all materials, and made sale of all the manufactured stock, and had possession of all the partnership funds.

If by reason of the abovementioned outstanding debts, the action could not be sustained, the verdict, which was in favor of the plaintiffs, was to be set aside and a nonsuit entered ; but otherwise judgment was to be rendered on the verdict.

SUFFOLK AND NANTUCKET.

*S. D. Ward*, for the defendant, insisted that one partner cannot maintain assumpsit against his copartner, until all the accounts have been settled and a balance been struck. Gow on Partn. 35 ; *Fanning* v. *Chadwick*, 3 Pick. 423 ; *Bond* v. *Hays*, 12 Mass. R. 34. A different rule will render the defendant liable to the outstanding debts while he is paying money to the plaintiffs, and if he shall discharge these debts, he may then sue ` the plaintiffs for contribution : thus the balance between copartners may be continually shifting and there will be no end to litigation. The plaintiffs may become insolvent immediately after a recovery, leaving the defendant liable for these debts ; a risk to which, in justice, he ought not to be exposed. The plaintiffs cannot allege any wrong on the part of the defendant. They might have discharged every debt before they commenced their action.

*S. D. Parker* and *Brinley*, on the other side, admitted that by the English authorities this action might not lie, but they said that under our own decisions it was sustainable. The demand of the auctioneer arose after the dissolution of the copartnership ; so that in truth there was but one outstanding debt ; and in *Robson* v. *Curtis*, 1 Stark. R. 78, Lord *Ellenborough* says, that if only one item remained unadjusted, the difficulty as to partnership would disappear. But if both the debts in question are against the copartnership, we say that assumpsit may be maintained where account will lie, and account would lie in this instance. *Eveleth* v. *Brigham*, 9 Mass. R. 538 ; [Rand's ed. 542, note *a* ;] *Wilby* v. *Phinney*, 15 Mass. R. 116 ; [Rand's ed. 121, note *a*, and 122, note *a* ;] and the cases before cited. The defendant ought to have approved of Dow's claim and it would then have been paid. He is estopped now to say it was due, for he shall not take advantage of his own wrong.

*Ward*, in reply, said, the charge of 7 dollars and 25 cents, being incurred in closing the partnership concerns, was a partnership debt, as much so as if it had arisen before the dissolution. The principle that assumpsit can be maintained where account would lie, is not applicable to this case ; otherwise assumpsit might be brought before any of the partnership debts have been paid.

*Per Curiam.* The principal question put to the jury was, whether the dissolution of the copartnership was by mutual consent. This was made out in favor of the plaintiff, and so each partner was bound to share in the loss, in the proportion settled by the articles of copartnership. So far then the action is supported. But it appeared that there were two outstanding claims, and it was insisted by the defendant, that assumpsit will not lie by one partner against another, while debts against the firm remain unpaid ; and for a good reason, that the defendant partner may be called upon to pay the debts. We do not however think that this verdict ought to be set aside. The claim for 7 dollars and 25 cents was for advertising the dissolution. It was first charged to the defendant, and afterwards, at his request, to Brinley & Co. We consider it as a charge to Brinley and his partner, Stimpson. But Dow's claim for 45 dollars is a partnership debt. Brinley declined paying it, because it was not certified by Kupfer, and it remains outstanding. However, as the case has been rightly tried, if the plaintiffs will release to the defendant the amount of this debt, (by which they will pay his share of it,) he will be put on the best ground he can ask for, and by the principles of justice the verdict may stand.[1]

Brinley
*v.*
Kupfer.
*April 5th.*

---

[1] See *Williams* v. *Henshaw,* 12 Pick. 378 ; *S. C.* 11 Pick. 79 ; *Fanning* v. *Chadwick,* 3 Pick. (2nd ed.) 423, note 1, and 424, note 1 ; Collyer on Partn. 153, 154, and note 45. Where there is a settlement between partners, and a promise by one to pay to the other a balance struck, an action at law may be maintained, although by accident or otherwise some trifling debts owing by the firm remain unadjusted. *Clark* v. *Dibble,* 16 Wendell, 601.