WM. RUSSELL, Respondent, *v.* JOHN GRIMES, Appellant.

1. *Partnership — Settlement — Action between partners — Bill in equity, when unnecessary.*—If one partner collect a portion of the claims due the firm, and fail to account for the amount so collected in the partnership settlement, he may be sued by the other partner without any impeachment of the settlement or readjustment of the partnership accounts. Partners are not forbidden to sue each other at law, merely because they are or have been partners, but only when the adjustment of the matter in controversy involves the investigation and settlement of partnership accounts.

2. *Partnership — Suit by partner for balance due, can not be brought without settlement and balance struck.*— A partner can not sue his copartner at law for any balance claimed to be due him, unless there has been a settlement and balance struck, and even then it has been generally held that there must have been an express promise to pay such balance. But when, after a settlement, it was discovered that a single item or number of items of cash, and nothing more, had been received by one partner and fraudulently withheld from the account — that the debts were all paid, and that payment of half,the amount to his copartner would settle everything — *semble,* that, under the code, a claim for the one-half might be sustained without an express promise and without formally opening the settlement.

*Appeal from Fifth District Court.*

*Dunn & Garner*, and *Vories & Vories*, for appellant.

*Donaldson*, for respondent.

BLISS, Judge, delivered the opinion of the court.

Plaintiff and defendant were partners, and upon suit for a settlement of their partnership accounts the matter was referred to referees, who reported that there were debts due the firm amounting to $2,255.68, and recommended that they be divided between the partners by an impartial committee, which was done. After the division and close of the suit the plaintiff sues defendant, charging in the first count of his petition that certain notes, specifying them, were turned out to him at their face, and that he received them at said settlement for, and was charged with, the amount appearing due upon them, but that a portion of the amount so due and charged, specifying the amount upon each note, had been, without the plaintiff's knowledge, paid over to the defendant and appropriated to his own use. As the defendant demurred to the whole petition because it did not state facts sufficient to constitute a cause of action, we will first consider whether this count is sufficient to charge the defendant.

The petition, so far, does not seek to settle the partnership accounts, nor does it attack the settlement already made. It simply charges the defendant with having received money upon claims which, by the settlement, became the individual property of the plaintiff; and the plaintiff then acquired a separate property

not only in the balance due upon those claims, but, as against his partner, to their full amount. It seems clear to me, then, that if the defendant had collected any portion of those claims, and had not accounted for the amount so collected in the partnership settlement, the plaintiff was entitled to it; and the prosecution of the claim does not involve any impeachment of the former legal proceedings, or any readjustment of the partnership accounts. Partners are not forbidden to sue each other at law merely because they are or have been partners, but only when the adjustment of the matter in controversy involves the investigation and settlement of the partnership accounts. (Whitchill v. Shickle *et al.*, 43 Mo. 543.) Nor is it any reason why a recovery should not be had, that the partnership accounts have been adjusted by action; but, on the other hand, the sole right of the present plaintiff to the money so collected by defendant arises out of the judgment in that action.

Suppose, upon the settlement, there had been a division of property in specie, and a specific horse or box of goods had been turned over to the plaintiff, and he was charged with its full value, and it should turn out, when he went to take possession of the property, that it had been secretly sold and the money appropriated by the defendant. In an action to recover its value, could the defendant plead no liability because they had been partners, and because plaintiff's exclusive title to the property arose from a judgment? The District Court was right *in holding* that this count set forth a valid claim. (Crosby v. Nichol, 3 Bosw. 450.)

The petition contains three other counts, and the second count charges that the committee intended and supposed they had divided between the partners all the claims due the partnership, and trusted to the defendant, who was the book-keeper of the firm, to make a correct exhibit of them, but that he fraudulently concealed and failed to report a large number of accounts, a schedule of which is filed, amounting to $2,047.43, for half of which he asks judgment.

The third count charges that he had collected the aggregate sum of $1,495, not entered upon the books, giving a schedule of the items, which he fraudulently concealed and failed to account

Russell v. Grimes.

for on the settlement, and asks judgment for half; and the fourth count charges a like collection of $255 upon accounts which were upon the books.

It will readily be seen that the adjustment of the claims described in those counts, taken together, would involve a settlement of so much of the books and accounts of the firm as were not before settled. They each describe by schedule a long list of claims, receipts, etc., which should have been, but were not, included in the former settlements, and in which the plaintiff has as yet acquired no separate interest.

A partner, in general, is not entitled to any specific claim collected, or to any proportion of it, but only to his proportion of the balance belonging to the firm after full settlement. He can not sue his partner at law for any balance claimed to be due him unless there has been such settlement and balance struck, and even then it has been generally held that there must have been an express promise to pay such balance. (Casey v. Brush, 2 Caines, 293; Murray v. Bogart, 14 Johns. 318; Pattison v. Blanchard, 6 Barb. 537.) Where the old distinctions between law and chancery proceedings are merely formal, no attention, perhaps, under the code, should be paid to them. But where causes involve substantially different proceedings and different relief, the distinction exists in the nature of things, and can not be disregarded. Thus, after the account and judgment, as set forth in the petition, if it should be discovered that a single item or a number of items of cash had been received by the defendant and fraudulently withheld from the account; and if it should further appear that these items were all that was not included, that the debts were all paid, and that the payment to the plaintiff of half their amount would settle everything, we might perhaps be justified under the code in sustaining a claim for the half without an express promise, and without formally opening the settlement for an account of the new matters, because thus complete relief could be given. But the case before us is not one of this kind. The second, third and fourth counts, as we have seen, show that there were many things left out of the former settlement. The law of partnership, and not the code of procedure, requires an account

and adjustment of the whole partnership business before the interest of any one partner can be ascertained, and before he is entitled to anything specifically. Upon the second count there could not, by possibility, be a judgment in this action; and a judgment upon the third and fourth, if they contained sufficient allegations to warrant one, would leave many matters open, and render a new trial necessary. It is perfectly clear that there must be a new accounting, and as to all the charges not embraced in the first count of this petition, the plaintiff, by a new proceeding, should obtain an order for opening the former judgment and letting in for settlement all the partnership transactions not already adjusted.

So far as the second, third and fourth counts are concerned, a demurrer as to them would have been well taken; but the first count being a good one, the action of the Circuit Court in sustaining the demurrer was erroneous, and the judgment of the District Court reversing it is sustained and the cause remanded. The other judges concur.