[No. 905.]

## L. D. WICKS, Respondent, v. M. LIPPMAN, Appellant.

Partners—When Action Between, may be Sustained at Law.—An action at law by one partner against another to recover a balance due on settlement of accounts can be maintained if there has been a balance found and agreed upon between the partners.

Idem.—Where the adjustment of the matters in controversy does not involve the settlement of any partnership accounts, the action at law can be maintained.

CREDIBILITY OF WITNESS—CROSS-EXAMINATION.—A witness, upon cross-examination, may be asked concerning his past life, as to whether he has ever been in the state prison, and if so, for what offense, for the purpose of affecting his credibility as a witness.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts sufficiently appear in the opinion and head notes.

*Robert M. Clarke,* for Appellant.

The agreement of dissolution and settlement is final and conclusive between the parties in this form of action. The plaintiff's remedy, if any, is in equity, for fraud or mistake, and for an accounting, and in an action Lippman would be answerable only for half. (Collyer on Part. secs. 264 to 269, 276 to 281, and note 1 and cases cited on page 262-3-4; *Ross* v. *Cornell,* 45 Cal. 133.)

*William Cain,* also for Appellant.

*Boardman & Varian,* for Respondent.

I. An action upon breach of an express stipulation between partners will be sustained, as it does not involve the entire partnership accounts. (*Wiggin* v. *Cummings,* 8 Allen, 353; *Capen* v. *Barrows,* 1 Gray, 376; *Bedford* v. *Brutton,* 1 Bing. (N. C.) 407; *Andrews* v. *Ellison,* 6 J. B. Moore, 199; *Estes* v. *Whipple,* 12 Ver. 373; *Ridgway* v. *Grant,* 17 Ill. 117.) There was a clear appropriation of this money to the respondent. It was really a balance struck. (Pars. Part. 2 Ed. 278, marg. page; *Russell* v. *Grimes,* 46 Mo. 410; *Crosby* v. *Nichols,* 3 Bosw. 450; *Jackson* v. *Stopherd,* 2 Comp. & M. 361; *Coffee* v. *Brian,* 3 Bing. 54; *Cross* v. *Cheshire,* 7 Exch. 43; Parsons, 284, marg. page; *Bond* v. *Hays,* 12 Mass. 34; *Chase* v. *Garvin,* 19 Me. 211; *Biles* v. *Bangs,* 36 Wis. 131; *Hale* v. *Wilson,* 112 Mass. 444; *Adams* v. *Funk,* 53 Ill. 219; *Dakin* v. *Graves,* 48 N. H. 45; *Hunt* v. *Morris,* 44 Miss. 314.)

II. We were entitled to show the past life of the witness, his associations, etc., not for the purpose of excluding him, but to affect his credibility. (*Real* v. *People,* 42 N. Y. 281;

Wharton on Evidence, 541, note 567; *Howser* v. *Com*, 51 Penn. St. 332; *Wilbur* v. *Flood,* 16 Mich. 40; *State* v. *March*, 1 Jones L. (N. C.) 526; *State* v. *Garrett*, Busbee, 357; *Com* v. *Bonner*, 97 Mass. 587.)

By the Court, HAWLEY, C. J.:

Wicks and Lippman were copartners, engaged in business as merchants. On the fourteenth of November, 1876, the partnership was dissolved by mutual consent. Wicks agreed to pay Lippman three hundred and three dollars and eighty-eight cents; to take the book accounts and stock of goods on hand and settle all the outstanding indebtedness of the firm. After paying the said sum of three hundred and three dollars and eighty-eight cents, Wicks discovered that several of the accounts standing upon the books in favor of the firm had actually been paid to Lippman prior to the dissolution, and that Lippman had failed to give credit for the same. This action was brought to recover the amount of these accounts.

1. Appellant claims that plaintiff could only recover, if at all, by instituting proceedings in a court of equity to repudiate his contract of purchase, and to open up and settle the accounts between the partners. This position is not, in our opinion, tenable.

In order to enable one partner to maintain an action at law against his copartner for a balance due on settlement of accounts, it is necessary that there should have been a balance found and agreed upon by both parties. (*Ross* v. *Cornell*, 45 Cal. 136; *Ridgeway* v. *Grant*, 17 Ills. 118; Parsons on Partnership, 278.)

The testimony offered upon the part of the respondent shows that both parties examined the books and accounts kept by the firm; that Wicks believed, and had good reason to believe, that the accounts sued for had not been paid; and that there was fraud or deception upon the part of Lippman in failing to give the proper credits, or to notify Wicks that the accounts had been paid.

It is expressly averred in the complaint that a final balance was struck and ascertained, and this allegation is not

denied in the answer. We are of the opinion that the facts of this case bring it substantially within the rule above stated. The accounts are shown to have been "cut out from the partnership," and this is all that the law requires. (Parsons on Partnership, 282.)

An action at law can always be maintained by one copartner against another for any money that has been withdrawn by him in excess of his share. (*Wiggin* v. *Cumins,* 8 Allen, 354.)

In the present case it appears that Wicks, in ignorance of the true state of the accounts, was induced by the deception of Lippman to pay more than he would have paid had he been informed of the true state of the facts, and inasmuch as the adjustment of the matters in controversy does not involve the settlement of any partnership accounts, the plaintiff is, upon well-settled principles, entitled to maintain this action. (Parsons on Partnership, 284; *Adams* v. *Funk,* 53 Ills. 219; *Russell* v. *Grimes,* 46 Mo. 411; *Crosby* v. *Nichols,* 3 Bosw. 450.)

2. The authorities cited by respondent clearly establish the fact that the court did not err in allowing plaintiff's counsel to cross-examine the defendant, touching his past life, for the purpose of affecting his credibility as a witness.

The judgment of the district court is affirmed.