GILBERT P. YOUNGLOVE, PLAINTIFF IN ERROR, V. WILLIAM LIEBHARDT, DEFENDANT IN ERROR.

**Partnership.** As a general rule an action at law cannot be maintained between partners for work and labor or money expended on account of the partnership.

ERROR to the district court for Hamilton county. Tried below before POST, J.

*Agee & Hellings,* for plaintiff in error.

*E. J. Hainer,* for defendant in error.

MAXWELL, J.

This action was brought by Liebhardt against Younglove in the district court of Hamilton county, to recover the sum of $365, being $270 for work and labor and $95 for money expended. The defendant below (plaintiff in error) states in his answer that in August, 1878, the plaintiff and defendant entered into partnership for the purpose of buying horses in the state of Illinois and shipping them to this state and selling them; that it was agreed between them that each partner was to contribute one-half of the capital, bear one-half of the expenses, and devote his time to the prosecution of the business; that the labor performed and money expended by said Liebhardt were performed and expended in and about the prosecution of said partnership business, which has not yet been settled. On the trial of the cause in the court below, judgment was rendered in favor of Liebhardt for the sum of $188 and costs. The principal error relied upon in this court is, that the judgment is not sustained by the evidence.

All the testimony tends to sustain the allegations of the answer; that the labor was performed and money expended as stated in the petition, for the benefit of the partnership,

there seems to be no doubt; but until the settlement of the partnership accounts, or a direct promise to pay the claim, no action can be maintained for the same.

As a general rule no action at law can be maintained between partners for work and labor or money expended on account of the partnership. *Holmes v. Higgins,* 1 B. & C., 76. *Millburn v. Codd,* 7 Id., 419. *Fromont v. Coupland,* 2 Bing., 170. And as a general rule a partner is not entitled to compensation for his services as partner; but for advances and outlays on behalf of the firm he is entitled to a proper credit. But he cannot recover for the same in an action at law against the firm, because he cannot be both plaintiff and defendant, nor against his co-partner because until an account is taken it is impossible to determine what amount is due. If there was a partnership between the plaintiff and defendant, as the proof in this record shows, and the accounts are still unsettled, an action at law cannot be maintained. But as Liebhart is entitled to a settlement of the partnership accounts and a considerable portion of the assets seem to be in the hands of Younglove, therefore Liebhardt will have leave to amend his petition and ask for an accounting. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.