JOHN U. GATY, Respondent, v. W. P. CLARK, Appellant.

Kansas City Court of Appeals, December 24, 1887.

1. CONTRACT—EXCEPTION OR RESERVATION AS TO BROKERS' COMMISSIONS—CASE ADJUDGED.—In a contract between a broker and the owner of property, the right to commission was qualified as follows : "If sold to a party sent by Mr. Repp, of this week, then no commission to be paid ; also, A. Ozias." The trial court, after hearing evidence explaining the transaction, found that the exception designated both the men to whom, and the time in which, a sale of the land might be made, without the payment of such commission.  *Held*, that the finding of the court was correct.

2. PRACTICE—TRIAL BY COURT SITTING AS A JURY—INSTRUCTIONS. Where the court, sitting as a jury, tries a case, the declarations of law given are useful only as showing the theory on which the court tried the case.

3. ——— PLEADING—SUFFICIENCY OF AVERMENTS—WAIVER OF OBJECTIONS.—Where the parties at the trial treat the averments of a pleading as sufficient, this court will regard objections as to insufficiency as waived.

4. ——— ——— GENERAL AVERMENTS—SUFFICIENCY OF—CASE ADJUDGED.—Under the allegations of the petition, in this case, of a sale in accordance with the terms of the contract (which was filed with the petition), the plaintiff could show a sale to any one, provided it was made in accordance with the terms of the contract. The denial of new matter set up in an answer does not limit the allegations of the petition ; the plaintiff's cause of action is still based upon the allegations of the petition.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

This is a suit brought by plaintiff as a real-estate broker and agent, upon a contract made by defendant with him for the sale of certain land. The petition alleges the sale of the land in accordance with the contract and asks judgment for the amount of the contract commission. The answer admits the execution of the contract filed with the petition, and alleges: "And that, at the date of the execution of the contract aforesaid, it was agreed between plaintiff and defendant that if the land should be sold to a party sent during that week by Mr. Repp to look at the same, or if it should be sold to one A. Ozias, then in either event no commission was to be paid, and said agreement was a part of said written agreement, and was intended to be so inserted in said written agreement; but that plaintiff, in attempting to do so, by mistake, without the knowledge of the defendant, made the insertion in said agreement to read as follows: 'If sold *by* a party sent by Mr. Repp, of this week, then no commission to be paid; also, A. Ozia.' Defendant asks that the mistake be corrected and said contract reformed and made to read as herein set out"; that said lands were afterwards sold to said A. Ozias, and that plaintiff is not entitled to any commission for the sale of the same; and that the defendant has refused and still refuses to pay any commission or any sum whatever to the said plaintiff. Defendant, further answering, denies each and every allegation of plaintiff's not herein admitted, and having fully answered, asks to be discharged, with costs.

The plaintiff's reply to the answer denies "every allegation of new matter therein, inconsistent with the plaintiff's petition." Upon the trial it was admitted, that is, the plaintiff and defendant both testified, that in the exception in the contract "by" should have been "to", and the exception should have read, "If sold *to* a party sent by Mr. Repp," etc. It was also, in the same manner, admitted that "A. Ozia" in the exception

should have read "A. Ozias." It was testified by both parties that the land was sold to A. Ozias. The sale was made a month after the execution of the contract. The defendant testified that it was agreed and understood by plaintiff and defendant, and intended by the exception in the contract, that should a sale at *any time*, be made to A. Ozias, the plaintiff should not receive a commission. The plaintiff testified, and the tendency of the other testimony was, that the understanding and agreement of the parties was, that should a sale be made of the land in *one week* to A. Ozias, the plaintiff should not receive a commission; in other words, that the exception as to A. Ozias, as well as to the exception as to the other party who might be sent by Mr. Repp, was limited to one week. The case was tried by the court sitting as a jury. The court, for the plaintiff, declared the law to be as follows:

"1. The court declares the law to be that: Before the court can reform the contract as prayed in the answer of defendant, the defendant must prove clearly and satisfactorily that the intention of the parties was as claimed by defendant."

"2. When there is a doubt in the mind of the court as to the meaning of the parties as expressed by their contract in writing, and their meaning cannot be gathered from the written instrument by giving the ordinary and proper construction of the words used in the instrument of writing of the parties, it is the duty of the court to take into consideration the contemporaneous acts and conversation of the parties and their situation and motives in executing the contract, and from them determine the contract intended to be entered into by the parties at the time."

"3. If the court believes, from the evidence, that plaintiff and defendant entered into a contract, whereby defendant agreed to pay plaintiff a commission for selling his farm, and that plaintiff did effect a sale thereof, then the finding must be for plaintiff in whatever amount the court believes him entitled to under

such, contract, not to exceed the amount claimed in the petition."

The court refused to give a declaration of law in the nature of a demurrer to the evidence asked by the defendant. And the court also refused to give the following declarations of law asked by defendant:

"2. The court, sitting as a jury, declares that under the pleadings and issues in the case the evidence offered by plaintiff for the purpose of showing that at the date of the contract read in evidence it was agreed between the parties to said contract that commission should be paid for the sale of the land in question, even though the same be sold to A. Ozias, is incompetent and will be excluded by the court."

"3. The court declares the law to be: That if the court, sitting as a jury, believes, from the evidence, that in the phrase set out in the contract read in evidence: "If sold by a party sent by Mr. Repp, of this week, then no commission to be paid; also, A. Ozia," the word "by" should be to, and the word "Ozia" Ozias, then, by the terms of the said contract it was agreed that if the land in question was sold to the said A. Ozias, then no commission was to be paid, and if it appears from the evidence that the land was sold to said Ozias, then the finding will be for defendant."

The court found for the plaintiff, and the defendant has appealed.

O. L. HOUTS, for the appellant.

I. The contract sued on provided: "If sold by a party sent by Mr. Repp of this week, then no commission to be paid; also A. Ozia." On trial it was conceded that the preposition, by, should have been to, and that the name, Ozia, should have been Ozias, and that the land was sold to Ozias. The meaning of the contract, then, was plain from its terms, that no commission was to be paid, and defendant's first instruction should have been given. It is a rule of law, as well as of language, that a qualifying phrase carries the mean-

ing to the nearest subject that will receive it.    "Sent by Mr. Repp of this week." applies to "party."

II.    Defendant's answer set out the reservation in the contract; that, under the reservation, no commission was to be paid if the land was sold to Ozias, and that it was sold to him.    Plaintiff in reply denied all these allegations, and then on trial introduced evidence tending to show the existence of the reservation, but that it was only to last for one week, and that the land was sold to Ozias after that time.    This was incompetent under the pleadings, and defendant's second instruction, excluding that evidence, should have been given.    *Price v. Railroad*, 72 Mo. 414; *Bank v. Armstrong*, 62 Mo. 59; *Currier v. Lowe*, 32 Mo. 203; *Ely v. Railroad*, 77 Mo. 34; *Weil v. Poston*, 77 Mo. 284; *Bruce v. Sims*, 34 Mo. 246; *Seibert v. Allen*, 61 Mo. 482; *Wade v. Hardy*, 75 Mo. 394.    This instruction should have been given though the evidence was not objected to.    *Price v. Railroad, supra.*

III.    The contract sued on was in writing, containing certain conditions that might bar a recovery, although a sale was made by plaintiff.    The answer sets up these conditions in bar.    The instruction given for plaintiff, as to the contract, treats it as unconditional, and it should have been refused.

IV.    It was the duty of the court to construe this contract as declared in the instruction asked for defendant, the evidence of plaintiff conceding the clerical errors as therein set out.

JOHN J. COCKRELL, for the respondent.

I.    The defendant, it is admitted, owned the land and executed the contract sued on, but he denies that plaintiff sold the land under the contract, so as to be entitled to a commission.    The answer sets up that the words of the contract, viz., "If sold by a party sent by Mr. Repp of this week, there is no commission to be paid; also A. Ozia," were written in the contract by mistake; and that the parties thereby intended to write,

"that no commission should be paid if the land was sold to a party sent by Mr. Repp this week, or if sold to A. Ozias," and prayed a reformation.. The reply was a general denial. The issue then made by the reply and answer was, was the language quoted so written by mistake, and did the parties intend, instead thereof, to use the language contended for by appellant in his answer? These are all the issues.

II. Now let us see if the instructions apply to these issues: Plaintiff's first instruction is certainly applicable to the third issue. Plaintiff's second instruction is also unquestionably the law (1 Greenl. on Evid., sec. 282), and applicable to the issues. It shows the theory of construction on which our petition is based. The plaintiff's third instruction was also correct under the pleading. The contract having, as we contend, reserved to appellant for one week the right to sell to Ozias, or Repp's man, without paying a commission to Gaty (the respondent), and it having been alleged and proved that the sale was made April 16, a month after the execution of the contract, and more than three weeks after the period reserved had expired, the contract thereby became absolute and the reservation null. This instruction, therefore, given in connection with the first and second, asked by plaintiff, is right and shows that the court below found the ambiguous language meant what we claim it does. For that reason, under the pleadings and evidence, there was an absolute contract. These three instructions required the court, before finding for us, to determine in our favor every issue of fact and declare certain rules of evidence and construction applicable to the case. It seems to us they are clearly consistent and proper.

III. The first instruction asked by appellant need not be discussed. His second instruction is ambiguous and meaningless, and for that reason properly refused. It asks the court to declare certain evidence "inconsistent." Inconsistent with what? Nothing in the instruc-

tion answers this question. By referring to the argument
of appellant we get an idea of his meaning. He says
there that, in his answer, he pleaded a reservation,
which we denied by reply, and then sought to avoid by
proving it lasted only a week. Let us see if this is so.
Appellant's answer admits that the contract contains no
reservation of the sort he claims. It admits that the
words of the contract do not mean what he says was
intended, and he prays a reformation, so that words may
be used to express the meaning he contends for. He
expressly negatives' that such a reservation as he con-
tends for can be construed out of the language of the
contract as it stands. He does not plead a reservation
of the kind he claims, but pleads its omission by mis-
take. If we prove that Gaty was a land agent and sold
the land, then under the pleading we are entitled to
recover unless the contract is reformed as prayed by
appellant. We ask to recover on the contract as it now
stands. We deny that such a reservation as he claims
was ever intended. We do not seek to prove any reser-
vation or exception whatever. We only offer parol
evidence of facts and circumstances to enable the court
to place itself in the situation the parties were in at the
time of the making of the contract, so that it may con-
strue the contract as we claim it is, and as we declare on
it in our petition. Appellant's third instruction was
properly refused under the authorities cited in his brief.
His answer admits that the contract as written did not
say no commission was to be paid if the land was sold
to Ozias, and seeks to reform it so that it may express
such a meaning. Now, in this instruction, he asks the
court to find that the doubtful words in the contract
mean just what his pleadings say they do not mean and
must be reformed to mean. We think here is one of
the inconsistencies appellant was looking for.

IV. We think the doubtful words in the contract,
viz., "If sold by a party sent by Mr. Repp of this week
then no commission to be paid ; also A. Ozia," will best
bear the construction we claim. It was hastily written

and clear language not used. We think that the parties meant, "If sold this week to a man sent by Repp, etc., also if sold this week to A. Ozias," etc. As the parties clearly had a meaning and made a contract; and as the settled rule of construction is, that a reservation is to be construed most strongly against the party benefited (Story on Contracts, sec. 662), and as the parol evidence clearly showed our construction to be right, we think it should stand.

V. The court below found that plaintiff sold the land for defendant, and that he (defendant) did not bring himself under the exceptions in the contract.

I.

HALL, J.—All the evidence, that of both parties, showed that the exception or reservation, which in the contract read, "If sold *by* a party sent by Mr. Repp, of this week, then no commission to be paid; also *A. Ozia*," should have read, "If sold *to* a party sent by Mr. Repp, of this week, then no commission to be paid; also *A. Ozias*." The principal, and in fact the only serious controversy, at the trial, between the parties to this case, was as to the meaning of the exception as thus modified and explained by the evidence. The defendant contended that the exception designated the men only, to whom a sale of the land might be made at any time without the payment of a commission to plaintiff. The plaintiff contended that the exception designated both the men to whom, and the time in which, a sale of the land might be made, without the payment of such commission. The court found in favor of plaintiff's contention, and we think that it correctly so found. By the exception, a sale to Repp's man is limited to one week. The exception, with its limitation as to time, is extended also to A. Ozias. This is clearly the meaning of the language of the exception, as corrected and reformed by the testimony of both parties. This was also the intention and agreement of the parties,

according to the testimony of the plaintiff and of other witnesses in the case. The court, therefore, properly refused the declarations of law, numbered one and three, asked by defendant.

To the third declaration of law given for the plaintiff the defendant makes the objection that it ignores the exception in the contract, treats the contract as unconditional, and authorizes a recovery notwithstanding the exception. The court, sitting as a jury, tried the case. The declarations of law given are, therefore, useful only as showing the theory on which the court tried the case. If the construction given to the exception in the contract by us is correct, under the evidence, the exception in no manner affected the plaintiff's right to a recovery. The declaration of law simply states this in effect, and hence could not have injured the defendant.

## II.

The defendant contends that the answer set out the reservation in the contract; that it alleged that, under the reservation, no commission was to be paid if the land was sold to Ozias, and that it avers that the land was sold to Ozias; that plaintiff, in his reply, denied all these allegations of the answer, and then on the trial introduced evidence tending to show the existence of the reservation, but that it was to last for only one week, and that the land was sold to Ozias after that time; and that such evidence was incompetent under the pleadings, and the defendant's second instruction, excluding that evidence, should have been given. We waive all question as to the sufficiency of the allegations of the reply as a denial of the allegations of the answer, for the reason that the parties treated the reply as such a denial, at the trial of this case. *Edmonson v. Phillips,* 73 Mo. 63.

This action is based upon the written contract between plaintiff and defendant. The contract was filed with the petition. The petition alleges a sale in accordance with the terms of the contract. The sale is alleged

generally. The person to whom the sale was made is not named. Under the allegations of the petition the plaintiff could have shown a sale to any one, provided the sale was made in accordance with the terms of the contract. It is true that the answer sets out the reservation in the contract, pleads that the effect of it is to cover a sale to Ozias; and alleges a sale of the land to Ozias, and it is true that the reply generally denies the new matter set up in the answer. But we do not believe that the reply has the effect to limit, in any degree, the allegations of the petition. The plaintiff's cause of action is still based upon the allegations of the petition. It is in no manner founded upon the reply. Under the pleadings it was competent for plaintiff to establish a sale to A. Ozias in accordance with the terms of the contract.

The judgment is affirmed. All concur