Lord v. Peaks.

AMBROSE M. LORD v. GEORGE F. PEAKS.

FILED OCTOBER 2, 1894.    No. 5212.

Partnership: ACTIONS BETWEEN PARTNERS. An action at law cannot be maintained by one partner against his copartner, to recover moneys alleged to be due him on account of partnership transactions, where no settlement of the partnership accounts and business has been had.

ERROR from the district court of Madison county. Tried below before POWERS, J.

A statement of the case appears in the opinion.

*John R. Hays*, for plaintiff in error:

Where the dealings between two partners embrace but few transactions which do not make a settlement difficult, one partner may maintain an action at law against the other to recover money. (*Wheeler v. Arnold*, 30 Mich., 304; *Musier v. Trumpbour*, 5 Wend. [N. Y.], 274; *Currier v. Rowe*, 46 N. H., 72; *Pettingill v. Jones*, 28 Kan., 749; *Wells v. Carpenter*, 65 Ill., 447; *Clarke v. Mills*, 13 Pac. Rep. [Kan.], 569.)

*N. D. Jackson* and *S. O. Campbell, contra:*

During the existence of a partnership, or even after its dissolution, but before the business is wound up and the final balance ascertained, no action at law will lie between partners. ( *Winchester v. Galzier,* 152 Mass., 316; *Haskell v. Adams,* 7 Pick. [Mass.], 59; *Williams v. Henshaw,* 12 Pick. [Mass.], 378; *Capen v. Barrows,* 1 Gray [Mass.], 376; *Chase v. Garvin,* 19 Me., 211; *Murray v. Bogert,* 14 Johns. [N. Y.], 318; *Davenport v. Gear,* 2 Scam. [Ill.], 495; *Roberts v. Fitler,* 13 Pa. St., 265; *Gridley v. Dole,* 4 Comst. [N. Y.], 486.)

NORVAL, C. J.

Plaintiff in error was plaintiff in the court below. The action is one at law, by one partner against his copartner, to recover moneys alleged to be due him on account of partnership business. The petition filed in the court below alleges:

"1. That on or about February 15, 1885, plaintiff and defendant entered into partnership for the purpose of dealing in lumber at retail, which partnership continued until dissolved by mutual consent on or about October 31, 1889.

"2. That it was mutually understood and agreed by and between plaintiff and defendant that each was to devote his whole time to the prosecution of the partnership business, and to the best interest of the firm, the labor of each to be offset by, and the equivalent of, the other, and the profits and proceeds of the business to be divided in proportion to the amount contributed by each. Plaintiff says that he has no knowledge, or information, of the amount contributed by the defendant, but says that whatever the amount the same was less than was contributed by this plaintiff; that plaintiff did devote his whole time during the existence of the partnership to the business of the firm, but that defendant, unmindful of his agreements, and without

plaintiff's consent, devoted a large part of his time and energies to other pursuits and business, to the neglect and detriment of partnership business.   Plaintiff says that on or about December 25, 1888, defendant, to the neglect of the firm business and to plaintiff's injury and damage, was tendered and accepted the position of receiver or account- ant and salesman in a general merchandise store in Battle Creek, Nebraska, in which store neither plaintiff nor said firm was interested, which said position said defendant took and retained for the period of eight months, to-wit, from about December 25, 1888, to about August 25, 1889, for which defendant exacted and received the sum of $65 per month, amounting, in the aggregate, to the sum of $520, one-half of which said amount, under and by virtue of the mutual agreements by and between plaintiff and defendant, belonged to plaintiff, but which has not been paid to plaint- iff, nor accounted for in any manner whatever.   The amount of $260 is now due and owing plaintiff from de- fendant on account thereof, with interest thereon from August 25, 1889.

"Plaintiff for a further and second cause of action says:

"1.  Plaintiff and defendant, on or about the month of February, 1885, entered into a partnership for the purpose of dealing in lumber at retail at Battle Creek, Nebraska, and at Burnett, Nebraska, the defendant taking and keep- ing charge of the yard at Battle Creek, and the plaintiff at Burnett.

"2.  That the partnership business thus began continued until October 1, 1889, when the same was dissolved by mutual consent.

"3.  That at the time of the organization of the partner- ship aforesaid the defendant represented to plaintiff that defendant had had large experience as a book-keeper, and that he thoroughly understood the same.   Because of defendant's representations of his skillfulness as a book- keeper, it was further agreed by and between plaintiff and

defendant that all the accounts at both lumber yards should be kept by defendant at Battle Creek.

"4. Plaintiff says that defendant was not a skillful and correct book-keeper, and that he failed and neglected to properly, accurately, skillfully, or correctly keep the books and accounts of the aforesaid partnership business, as he had theretofore represented to plaintiff that he could and would do.

"5. That during the last two years of the existence of the partnership aforesaid plaintiff frequently asked and demanded of defendant to make a statement from the books of the partnership of the firm affairs, but defendant wholly failed, neglected, and refused so to do, but informed plaintiff that plaintiff could examine the said books of account for himself, well knowing that plaintiff was not an expert accountant and book-keeper, and at the same time well knowing that plaintiff could not tell by the said books so as aforesaid kept by defendant how the partnership business stood.

"6. That by reason of defendant's failure and inability to make any statement of account showing the condition of the partnership matters, and because of the unskillful, improper, and incorrect manner in which the partnership books of account were kept by defendant, and because of the long time the partnership had continued without plaintiff's knowing or being able to ascertain how said partnership matters stood, plaintiff was compelled to, and did, employ an expert book-keeper and accountant to examine the books of account of the said firm and render a statement of the affairs of the firm, and of the members thereof.

"7. To this end plaintiff employed H. C. Burr, of Omaha, Nebraska, at and for the agreed price of $8 per day, and who, because of the unskillful, incorrect, and improper manner in which the books of partnership accounts by defendant had been kept, and because of the time the accounts had been running, was compelled to, and did, oc-

cupy thirty days, to-wit, on or about the month of October, 1889, amounting in the aggregate to the sum of $240, which amount was and is the reasonable price of the said services, and which amount was paid by plaintiff to said expert, and which amount, therefore, is due from defendant to plaintiff, for said amount of $240, so as aforesaid paid by plaintiff, with interest thereon, no part of which has been paid."

The prayer is for judgment for the sum of $500, with interest and costs.

A general demurrer was interposed by the defendant to the petition, which was sustained by the court, and the plaintiff not desiring to amend his petition, the action was dismissed at plaintiff's costs.

The sole inquiry is whether the petition states sufficient facts to entitle the plaintiff to recover in this form of action. We entertain no doubt, under the decisions, that where a partnership has been dissolved, or has ceased to exist, and an account has been stated between the partners, an action at law will lie by one member of the firm against the other to recover the balance found to be due on the settlement; but that is not the case made by this record, since it is patent from a reading of the petition that in neither count thereof is it alleged that any account or settlement has been had between the parties to this litigation of their partnership business. It not appearing that the partners have ever had a settlement of their accounts, the question is squarely presented whether the petition is not for that reason fatally defective. We have long entertained the opinion that a suit like the one at bar is not maintainable until there has been an accounting, and an examination of the question, and the authorities bearing thereon, since this record came into our hands has strengthened us in our belief. The law will not permit a party to select an isolated partnership transaction and predicate a liability on that alone, when, perhaps, if a full and complete accounting be-

tween the partners was had, the balance might be found in favor of the other partner. Again, there may be firm debts unpaid. It is impossible in this form of action to adjust and settle the accounts between the members of a partnership. (2 Bates, Partnership, sec. 910; *Younglove v. Liebhardt*, 13 Neb., 557; *Stanberry v. Cattell*, 55 Ia., 617; *Devore v. Woodruff*, 45 N. W. Rep. [N. Dak.], 701; *Kruschke v. Stefan*, 83 Wis., 373; *Elmer v. Hall*, 23 Atl. Rep. [Pa.], 971; *Stone v. Mattingly*, 19 S. W. Rep. [Ky.], 402. See, also, cases cited in the brief of defendant in error.)

*Younglove v. Liebhardt, supra,* was a suit at law between partners to recover for work performed and money expended by one partner on the account of the firm business. It was held that the action would not lie. The court in the opinion say: "As a general rule no action at law can be maintained between partners for work and labor or money expended on account of the partnership (*Holmes v. Higgins*, 1 Barn. & Cres. [Eng.], 74; *Milburn v. Codd*, 7 Barn & Cres. [Eng.], 419; *Fromont v. Coupland*, 2 Bing. [Eng.], 170); and, as a general rule, a partner is not entitled to compensation for his services as partner; but for advances and outlays on behalf of the firm he is entitled to a proper credit. But he cannot recover for the same in an action at law against the firm, because he cannot be both plaintiff and defendant; nor against his copartner, because until an account is taken it is impossible to determine what amount is due." The decision from which the foregoing quotation is taken is decisive of the case as to both counts of the petition.

It is argued that the rule requiring that an accounting between partners must be first had before an action at law can be maintained does not apply where there is but a single partnership transaction which is fully closed, or there is but a single item to liquidate. Some of the cases so hold; but the plaintiff has not, by proper allegations,

brought his case within the rule announced in such adjudications. The petition contains no averment from which, the inference can be drawn that there remains unsettled no other items growing out of the partnership venture, except the two which are made the basis of this suit, nor does it appear that there are no partnership debts. In any view, therefore, we feel constrained to hold that the demurrer to the petition was properly sustained. The judgment is

AFFIRMED.