John D. Glade v. Charles C. White.

Filed October 16, 1894.          No. 5170.

1. **Partnership:** Settlement: Action at Law Between Part-
ners. Where a partnership has been dissolved and in the set-
tlement of the partnership affairs one partner has become the
owner of the accounts and debts payable to the partnership,
such partner may maintain an action at law against the other
for moneys collected on such accounts by such other partner
and withheld by him without the knowledge of the plaintiff.

2. **County Courts:** Jurisdiction. The jurisdiction of the county
court depends upon section 16 of article 6 of the constitution, de-
fining and limiting its jurisdiction, and on acts of the legislature
in pursuance thereof, and not upon ancient distinctions between
proceedings at law and in equity or between forms of action.

Error from the district court of Saline county. Tried
below before Morris, J.

*M. A. Hartigan,* for plaintiff in error cited: 2 Bates,
Partnership [ed. 1888], sec. 849; *Younglove v. Liebhardt,*
13 Neb., 557; *Miner v. Lorman,* 56 Mich., 212; *Larned
v. Ayers,* 41 Mich, 677; *Casey v. Brush,* 2 Caines' Cases
[N. Y.], 293; *Murray v. Bogert,* 14 Johns. [N. Y.], 318;
*Westerlo v. Evertson,* 1 Wend. [N. Y.], 533; 2 Chitty,
Pleading [ed. 1879], p. 215; Parsons, Partnership, p. 268;
*De Jarnette v. McQueen,* 68 Am. Dec. [Ala.], 164; *Bruce
v. Hastings,* 98 Am. Dec. [Vt.], 592; *Borven v. School
District,* 10 Neb., 265; *Emery v. Pease,* 20 N. Y., 62;
*Howard v. Patrick,* 38 Mich., 795; *Whitney v. Purrington,*
59 Cal., 36; *Hanks v. Baber,* 53 Ill., 292; *Johnson v.
Wilson,* 54 Ill., 419; *Holyoke v. Mayo,* 50 Me., 385.

*F. I. Foss, contra.*

Irvine, C.

White sued Glade in the county court of Saline county.
To White's petition Glade demurred. The demurrer was

overruled, and the defendant electing to stand thereon, judgment was entered for plaintiff. From this judgment Glade prosecuted error to the district court, which affirmed the judgment of the county court, and Glade now seeks to . reverse the judgment of the district court affirming that of the county court.

An amended petition appears in the transcript, but it was not filed until February 15, while the demurrer was overruled February 13. The record does not show any leave to file the amended petition, and the judgment recites that the cause came on for hearing on the petition. The demurrer must, therefore, be treated as attacking the original petition and not the amended petition. The prayer was the same in each petition and the differences were only that in the amended petition the facts are pleaded with greater certainty. We do not regard these differences as very material in considering the demurrer. The petition alleged, in substance, that the plaintiff and defendant had been partners; that the partnership was dissolved in December, 1888, at which time all claims, as they appeared on the books of the firm, were bought by the plaintiff; that the books were not in all instances correct; that in November, 1888, the defendant had drawn a check upon the bank account of the firm amounting to $118.45 and appropriated its proceeds to his own use without accounting therefor; that the defendant had obtained possession of certain grain, describing it, which he had appropriated to his own use and not accounted for; and that certain accounts had been collected by the defendant and the money not turned over to the plaintiff. While the petition is not very artistically drawn it does charge that there had been a partnership; that there had been a dissolution; that by the dissolution the plaintiff had become entitled to the indebtedness owing the firm; and that certain items of this indebtedness the defendant had collected and appropriated to his own use. The allegations in regard to the appropriation of the grain

26

may be disregarded. If they belonged in a separate count, the remedy was by a motion to require a separate statement; and if the averments in regard to the accounts would in themselves be sufficient against demurrer, those in regard to the grain were, at most, surplusage.

The demurrer was upon three grounds: 1. That plaintiff had not legal capacity to sue. 2. That the court had no jurisdiction of the subject-matter. 3. That the petition did not state facts sufficient to constitute a cause of action. We hardly understand upon what theory the defendant contends that the plaintiff had not legal capacity to sue. Certainly no incapacity is disclosed in the petition. It would seem from the argument that the only point claimed under this head is that the petition discloses that the action concerned partnership matters, and that therefore the plaintiff could not sue at law. This objection does not go to his legal capacity and will be considered in connection with the third assignment of the demurrer.

It is urged that the county court had no jurisdiction of the subject-matter because, if the petition did state a cause of action, it must be one in equity for an accounting, and the county court has no jurisdiction of such cases. The petition does not state a case for an accounting. It must stand or fall as an action for the recovery of specific sums of money, and, therefore, if it does state a cause of action, it is clearly one within the jurisdiction of the county court, less than $1,000 being claimed; but we wish here to take occasion to say that the jurisdiction of the county court does not depend upon the old distinctions between actions at law and in equity. Section 16 of article 6 of the constitution confers jurisdiction upon the county court in certain cases and provides that it may have such other jurisdiction as may be given by general law. It then expressly excludes jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment, or a fine of over $500, in actions in which title to real estate is sought

to be recovered or may be drawn in question, in actions on mortgages or contracts for the conveyance of real estate, and in civil actions where the debt or sum claimed shall exceed $1,000. The legislature may, therefore, confer upon the county court jurisdiction in all cases not excluded by this constitutional provision. (*Wilson v. Coburn*, 35 Neb., 530.) In determining whether the county court has jurisdiction in a particular case we must look to this constitutional provision and the acts of the legislature conferring and limiting jurisdiction in pursuance thereof, and not to the ancient distinctions between modes of procedure and forms of action.

Does the petition state facts sufficient to constitute a cause of action? It has been recently held that an action at law cannot be maintained by one partner against his co-partner to recover moneys alleged to be due him on account of partnership transactions where no settlement of the partnership accounts and business has been had. (*Lord v. Peaks*, 41 Neb., 891.) This case declares that the general rule in such matters is in force in this state. In view of the abandonment here of technical distinctions between law and equity the rule means that a petition under such a state of facts must, in order to state a cause of action, present a case for dissolution or accounting, and that single transactions cannot be selected and made the basis of independent suits. The reasons for this rule are by a late writer summarized as follows: That the mutual balances fluctuate, and to permit actions on single transactions would disregard the rights of other partners on the state of their accounts; that such actions would lead to a multiplicity of suits; that the ascertainment of balances requires an examination which cannot be safely submitted to a jury; that actions by one partner, if enforceable, would be to appropriate partnership property to the exclusion of creditors and in violation of the liens of the others; that such an action would be really against the firm, and a partner suing would

be on both sides of the record, and that the debt would be partnership assets not collectible by one member. (Bates, Partnership, 849.) This petition avers a state of facts which removes all of these objections. It avers that the partnership had been dissolved; that the indebtedness due the firm had been purchased by plaintiff, and was, therefore, no longer partnership assets. The petition in effect alleges the partnership transactions merely by way of inducement, and charges in substance that the defendant had received certain moneys which, *ex æquo et bono*, belonged to the plaintiff. This would make a case for money had and received under the old procedure. The authorities support this view. Thus, on the settlement of partnership matters there was a disputed item which one of the partners alleged he had paid to a third person for the other partner and promised to pay it to him if the third person did not. A settlement was made on that basis, the item being charged to the partner for whom it was claimed to have been paid. It was afterwards learned that the money had not been paid to such third person, and it was held that the partner to whom the amount had been charged could recover the same against the other partner in an action at law. The court said: "On the allowance of it by Funk, moved thereto by the false pretense of Adams, it became money in Adams' hands for the use of Funk, and for which he could maintain an action for money had and received. (*Adams v. Funk*, 53 Ill., 219.)

*Russell v. Grimes*, 46 Mo., 410, was a case very similar to the present. There had been a partnership accounting by action in which the debts due the firm were divided between the partners. Thereafter it was ascertained that one of the partners had collected a portion of certain notes payable to the firm which had been turned in to the other partner at their face. The court said: "The petition so far does not seek to settle the partnership accounts, nor does it attack the settlement already made. It simply charges the

defendant with having received money upon claims which, by the settlement, became the individual property of the plaintiff; and the plaintiff then acquired a separate property, not only in the balance due upon those claims, but, as against his partner, to their full amount." It was held that a petition charging such facts stated a cause of action. To the same effect are *Ross v. West,* 2 Bosw. [N. Y.], 360; *Crosby v. Nichols,* 3 Bosw. [N. Y.], 450; *Wicks v. Lippman,* 13 Nev., 499. The case of *Russell v. Grimes, supra,* contains language and reasoning supporting the petition in this case, both as to the moneys received and the appropriation of specific property. We think the petition stated a cause of action and that the judgments of the district and county courts were right.

AFFIRMED.