DEWITT Y. DORWART V. JOHN H. BALL.

FILED FEBRUARY 17, 1904.   No. 13,414.

1. **Partnership:** ACTIONS.  A partner's share of a single item of partnership profits, the result of a single transaction, may be recovered of a copartner who is retaining it, by an action at law, if all the other partnership dealings are settled between the parties.

2. **Directing Verdict:** EVIDENCE: ERROR.  When plaintiff's evidence tends to establish such a state of facts, and was admissible under the pleadings, it is error to instruct the jury to return a verdict for defendant.

ERROR to the district court for Saline county: GEORGE W. STUBBS, JUDGE.  *Reversed.*

*R. M. Proudfit,* for plaintiff in error.

*J. D. Pope, contra.*

HASTINGS, C.

In this case, plaintiff sues to recover $50, which he alleges to be due on account of one-half of commissions earned by himself and defendant as real estate brokers, in partnership; he alleges a partnership existing between the parties on December 10; that on that day the $100 was paid in; that the defendant refused to pay over any share of it, but that on December 13 an accounting was had between the partners and all partnership debts paid in full, the partnership dissolved, and the $50 was then found due; that it has not been paid and judgment is asked for it, with interest from December 13, 1901.  The answer denies all of the plaintiff's allegations; alleges that plaintiff bought out a former partner of defendant, and was

never himself accepted as such partner; that, during the time from December 1, 1901, to December 9, plaintiff remained about the office a part of the time but had no part in the business; that on December 9 plaintiff was told that he could not remain in the business, nor receive any share of the receipts; that after that date plaintiff attempted to take no further part in the business. A special denial of any settlement of firm accounts or firm indebtedness, and a denial of any contribution toward firm expenses by plaintiff, is also interposed. After hearing the evidence, the trial court instructed the jury to return a verdict for the defendant. A motion for a new trial was overruled and judgment entered on the verdict, from which the plaintiff brings error, and he now insists that his case should have been submitted to the jury. The defendant says that there is no evidence, either of a settlement of partnership accounts or of any receipt on defendant's part of the $100. The evidence by plaintiff indicates that on December 2, 1901, with the consent of Mr. Ball, and under agreement with the latter that he should have the rights of a partner, he purchased from C. M. Druse one-half interest in the firm of Druse & Ball, real estate, insurance brokers and loan agents; that the arrangement continued until the 13th of the same month, when it was dissolved; he testifies that there was one sale made of 160 acres of land, "and the commission for selling this was $100"; that, on a settlement had, Mr. Ball agreed to pay all of the office expenses, and that during the 11 days of plaintiff's connection with the business the only thing bought was some coal, which plaintiff purchased; that he sold to Ball his interest in the furniture for $45. The $50 commission was not agreed to be paid, Ball claiming that it really belonged to him, and, when plaintiff demanded it at the time of the settlement, declared he would not pay it until he had to. Mr. Littlefield, the purchaser of the land, says that Mr. Dorwart was introduced by Ball as being the latter's partner. It appears that Littlefield went to see the land, as Dorwart testified; he does not remember

the date, which Dorwart says, and Ball does not deny, was December 5, but it was in the forepart of December; that on the following day he closed the contract for the land; that he did this with Mr. Ball, who told him to say nothing about it to Mr. Dorwart, because he was going to dissolve partnership with the latter; that he paid at the office of Dorwart & Ball some money on the land contract. The other testimony seems to identify this payment as made on December 7. Defendant's account of the matter is that, at the time of the alleged settlement, he made Dorwart an offer to take the furniture and continue on in the same place, or for Dorwart to do so. "I said to him, I will take $50 for my share of the furniture, or I will give you $50 for yours and you can get out of the office, and I then told him that from that time on what he did was his, and what I did was mine, he was to keep all that he made and I was to keep all that I made."

Q. Now, was there anything at that time said about the expenses of the office, and partnership accounts?

A. No, sir. Defendant says that no disposition of the insurance business was made, and that the $45 was for the furniture; that Mr. Druse had the agency for some of the insurance companies, and himself, Ball, some; that he tried to get Druse's agencies transferred to Dorwart; that Dorwart at that time wanted this $50 from the Littlefield commission.

As to this the testimony is as follows:

Q. Was there anything said by you at this time about the $50?

A. He wanted me to give it to him.

Q. Did you agree to give it to him?

A. No, sir.

Q. What did you say about it?

A. I said it was made after we had dissolved.

Mr. Ball denies making settlement with Dorwart as to the office expenses; he admits, however:

Q. And you assumed the office expenses?

A. Yes, sir, but there was nothing said about this at the time of the settlement.

By the Court: Q. Was there anything said about this matter at any time?

A. No, sir.

He says that Dorwart said nothing about the rent; that he does not know whether or not stationery was bought. Mr. Ellsworth, the justice of the peace, who dismissed the case on the evidence, for lack of jurisdiction, after a jury was impaneled, was called and testified that Dorwart, in the trial before him, did not testify to any settlement with regard to expenses.

It seems clear that the foregoing evidence shows as to the receipt of the $100 commission, enough, standing uncontradicted as it does, to sustain a verdict finding that the $100 had been paid to Mr. Ball before Dorwart surrendered his interest in the business. As above stated, it seems from statements of Ball and Dorwart, and the purchaser, Mr. Littlefield, that the transaction must have been closed on the 7th, and the sale of the office furniture to Ball by Dorwart seems to have been upon the 11th. At least, that is the date under which Dorwart receipted for the $45 payment. There is nothing to indicate that there is any further outstanding claim against the partnership. It is expressly declared by both Ball and Dorwart that the only item of business done, out of which any profit could come, was this sale to Littlefield of the Stowell land. In this state of affairs it seems clear that, if it was true, as Dorwart testifies, that there was a settlement, and that Ball agreed to take the furniture at $45 and to settle the expenses, there could be nothing left to settle as to this partnership business except the one item of $100 of earnings, as to which Ball refused to give up any part, on the ground, as he himself says, that it was "made after they had dissolved."

To sustain the instruction for a verdict for defendant, we must assume all the facts indicated by plaintiff's evidence to be true, and still find that there is no cause of action. Assuming all the facts as true to which Dorwart testifies, a sale of his interest in the property, except five

chairs and a desk, which he took out, an agreement by Ball to pay office expenses during the time Dorwart had been in, a dissolution of the partnership, and the fact that this $100 was the only money earned during the partnership and that it had been paid in as above indicated by Littlefield's testimony, and by Ball's admission that it had been made, but after the partnership had been dissolved, do these facts entitle Dorwart to sue at law for the $50. It should be added, that it clearly appears that the partnership relation existed and was that of equal partners. Dorwart's own testimony, if taken as true, with Littlefield's and Ball's, would warrant a finding that there was a final settlement of the partnership business and accounts, except as to the division of the $100 commission, and that Ball received the $100. Can the question as to whether or not this money was really earned by the partnership be determined in an action at law between the partners? Of course, if we were to hold to the old doctrine, which required an express promise to pay a balance due in order to make it recoverable in an action at law from one partner by another, there could be no possibility of any recovery in this action.

There certainly does not appear to have been any promise made by Ball to pay this money. It is equally clear that there was no settlement and balance struck which would raise an implied promise to pay it. The obligation to pay it was explicitly repudiated by Ball.

The only ground on which a recovery could be had is one which is not expressly pleaded in plaintiff's petition, but one on which he should be allowed to recover, as the evidence is not objected to on that ground, if the ground itself is tenable. If a suit at law will lie for one single item of partnership profits, when it appears that everything else relating to the partnership has been settled, then, this case should have gone to the jury. A finding that this $100 commission on the sale of the Stowell land was the only item of partnership business unsettled, that Ball received it, and that it was partnership earnings, would have to be

sustained on this evidence, though Ball denies some of the statements.

Will an action at law lie for a single item unsettled in partnership accounts, when everything else has been disposed of? This question is not raised in the briefs, and was not on the argument of counsel. It is clearly against the technical reason for refusing to permit partners to sue for unsettled and undivided profits. Such profits belong to the firm though in the hands of a member. The recovery by any one must be against the firm, and a member can not be permitted to sue himself.

There are, however, many cases intimating, and some holding, that when the dispute is narrowed down to one item, a suit at law may determine it. Mr. Bates says (2 Partnership, sec. 865), that these are cases of single ventures and not properly partnerships, and so not subject to the rule as to partnership. *Mason v. Sieglitz*, 22 Colo. 320, is placed on that ground, and also that the suit for a single item is a clear right. In 15 Ency. Pl. & Pr. 1031, it is stated that an action at law, after dissolution, will lie for a share of a single item of partnership profits, "because in such a case there are no equities to be adjusted, and no accounting is necessary as would be the case had there been no settlement." It cites *Feurt v. Brown*, 23 Mo. App. 332, and the numerous Massachusetts cases holding that such an action will lie, when judgment for the amount claimed will be an entire termination of partnership transactions. *Brinley v. Kupfer*, 23 Mass. 179; *Wilby v. Phinney*, 15 Mass. 116; *Buckner v. Ries*, 34 Mo. 357; and *Whetstone v. Shaw*, 70 Mo. 575, might have been cited also.

In *Pettingill v. Jones*, 28 Kan. 749, it was held no error to refuse to instruct that plaintiff could not recover at law for profits of an alleged partnership, except after an accounting and settlement. That case, however, seems to have been one of a single venture. The present case, while showing only one item of earnings, relates to an undoubted partnership, though a brief one. A still

stronger case for plaintiff is *Clarke v. Mills,* 36 Kan. 393. See also 2 Bates, Partnership, sec. 866 and cases cited.

In *Lord v. Peaks,* 41 Neb. 891, a suit brought by one partner to recover from the other, for loss to the firm by reason of the defendant's engaging in other employments, contrary to an alleged partnership agreement, and for expense by the plaintiff in procuring the services of an expert accountant, rendered necessary by the negligence of defendant in keeping the firm's books, was dismissed on demurrer because no settlement of the partnership accounts was alleged. At the close of the opinion, the court refers to the claim that a dispute over a partnership transaction, involving but a single item, may be settled at law after everything else pertaining to the partnership has been settled, and says some of the cases so hold, but that there were no allegations bringing that case within the rule.

In the present case, it is sufficiently alleged that the other matters involved are settled. In fact a settlement as to the $100 and the finding of the $50 to be due plaintiff are alleged, but, in our view, this allegation might and should be treated as surplusage, if without it plaintiff has a cause of action. The general rule, as broadly laid down in *Lord v. Peaks, supra,* and in *Younglove v. Liebhardt,* 13 Neb. 557, of course, is that nothing can be recovered by one partner from another as to which the partnership relation must be invoked as the basis of the action. It must be due on a settlement agreement or on an assumpsit. The latter is given by the Massachusetts court in *Sikes v. Work,* 6 Gray (Mass.), 423, as the ground of allowing a recovery on a single item where everything else is settled, "Nor is it necessary that this (the balance due) should be a fixed, ascertained balance, as a result of a settlement of the accounts of the firm between the partners. It is enough if it appear that the firm is dissolved and that there are no outstanding debts due to or from the copartnership, so that the action of assumpsit to recover the balance due one of the firm will effect a final settle-

ment between the copartners." Citing *Wilby v. Phinney,* 15 Mass. 116; *Williams v. Henshaw,* 11 Pick. (Mass.) 79, and 12 Pick. (Mass.) 378; and *Capen v. Barrows,* 1 Gray (Mass.) 37. *Fargo v. Saunders,* 4 Allen (Mass.), 378, and *Gomersall v. Gomersall,* 14 Allen (Mass.), 60, are cited to the same effect in the note to *Williams v. Henshaw,* 12 Pick. (Mass.) 378, 23 Am. Dec. 614.

As is said by Commissioner Irvine in *Glade v. White,* 42 Neb. 336, in a suit for partnership moneys discovered after a settlement to have been collected and unaccounted for by the partner who was transferring the accounts to his associate, the partnership transactions are alleged merely as inducement; the action is for money received which, *ex æquo et bono,* belonged to plaintiff. The cases applying the general rule are to be found collected in 38 Cent. Dig., col. 1789, and following. So far as we have been able to examine them, none of them deny, though some of them criticise, the holding that a partner's share of a single item of partnership profits, where everything else is settled up, can be recovered in an action at law.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

Ames and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.