## MULLANY v. KEENAN.

1. COPARTNERSHIP.   One member of a copartnership may maintain an action against another firm of which his copartners were members on a covenant executed to him by said firm.

*Appeal from Dubuque City Court.*

SATURDAY, DECEMBER 24.

THE plaintiff, Mullany, was a member of the firm of Leeman, Keenan & Mullany.   The defendant was the surviving partner of the firm of Leeman & Keenan, which assumed the name above mentioned, when the plaintiff was admitted as a member.   The other facts are stated in the opinion of the court.

*Griffith & Knight* for the appellant, cited Coll. on Part. sections 207, 245, 264, Story on Part. section 218, Story's

Eq. section 659–665, 3 John. Ch. 362, 25 Wend. 450, 19 Ib. 424, 13 East. 7, 2 Cramp. & M. 361.

*O'Neal, Harvey* and *Munson* for the appellee.

STOCKTON, J.—The covenant sued on is an obligation of the firm of Leeman & Keenan to pay to the plaintiff the one-third part of the profits derived by them from their contract for building the "Odd Fellows' Hall" in Dubuque, on his becoming a member of the partnership firm of Leeman, Keenan & Mullany, and assuming a joint liability with the other members of the new firm in the liabilities of the old firm of Leeman & Keenan.

We are of opinion that the plaintiff could rightfully maintain the action at law on this covenant of the old firm, and that he is not to be driven to his suit in equity for a settlement of the partnership accounts and for a decree against the new firm.

The promise to pay was not that of the new firm, and there was consequently no necessity for a resort to a court of equity. It was the promise of Leeman & Keenan alone, to the plaintiff, and was entirely separate and distinct from the partnership matters of the new firm, which were only to relate to new transactions; whereas the matter of the building the "Odd Fellows' Hall" was a past transaction of Leeman & Keenan, one-third the profits in which they covenanted to pay the plaintiff.

The agreement is much the same as if Leeman & Keenan had promised to pay to the plaintiff a sum of money certain, in consideration of his becoming a member of the firm, and assuming the one-third part of its existing liabilities.

The demurrer should have been overruled.

Judgment reversed.