ADDISON W. HALLECK V. AUGUSTUS L. STREETER.

FILED DECEMBER 9, 1897.   No. 7603.

1. **Action Between Partners.** A partner may sue his co-partner at law where the cause of action is not connected with the partnership accounts, and their consideration is not involved.

2. ———: INSTRUCTIONS. *Held,* No reversible error in the giving of the instructions set out in the opinion.

ERROR from the district court of Polk county. Tried below before BATES, J. *Affirmed.*

*W. T. Thompson,* for plaintiff in error.

*E. L. King, contra.*

NORVAL, J.

Augustus L. Streeter and Addison W. Halleck jointly executed and delivered their three promissory notes,— one to the Central City Bank for $131, one to the Merrick County Bank in the sum of $41.75, and the third for $22, payable to L. V. Haskell. Streeter paid the notes to the respective owners thereof, and instituted this action to recover from his co-maker the one-half of the amount so paid to lift said obligations. The defendant admitted the execution and delivery of the notes, pleaded certain matters as constituting set-offs, and as to the larger note alleged, substantially, that plaintiff and de-

fendant, at the time the same was executed, were part-
ners engaged in the harvesting, buying, and selling of
hay in this state; that said note was given for matters
pertaining to the said business, and that no settlement
has been had between the members thereof of the partner-
ship affairs or accounts. The reply, so far as important
to mention here, averred that a partnership existed
between plaintiff and defendant and a third person; that
said partnership was never settled, and no accounting
ever has been had between the members thereof; that
the note for $131 was not a partnership obligation, but
was given solely for money borrowed to be contributed
one-half by each party to launch the partnership, and it
was agreed that each should pay one-half of the note. A
jury trial resulted in a verdict for plaintiff in the sum of
$100, and from the judgment rendered thereon defendant
has brought the cause to this court, urging as grounds for
reversal: (1) That plaintiff below, under the evidence,
cannot recover contribution in this action on the note of
$131; (2) the court erred in giving instructions 1 and 2
tendered by plaintiff.

The rule is firmly established that ordinarily one part-
ner cannot maintain an action at law against his co-
partner on matters relating to the partnership business
until there has been a settlement of the accounts of the
firm. (*Younglove v. Leibhardt*, 13 Neb., 557; *Lord v. Peaks*,
41 Neb., 891.) If, therefore, the note of $131 was ex-
ecuted by the partners on account of the partnership,
plaintiff cannot recover from defendant his contributive
share of said note, since it is undisputed that there has
been no settlement of the firm business. The record
discloses a conflict in the testimony with respect to this
note of $131. That introduced by the defendant tended
to show that the obligation was contracted for the pur-
pose of obtaining money with which to carry on the
partnership venture. In other words, that it was in fact,
and was at the time so regarded by both parties, a firm
transaction and debt. There is in the bill of exceptions

Halleck v. Streeter.

testimony to the effect that plaintiff and defendant and one Fitch were partners in the hay business; that Halleck and Streeter were to furnish the capital; that they borrowed $131 from the payee of the note with the express agreement that each was to contribute one-half of the sum so borrowed towards carrying on the partnership enterprise, and that each was to pay a like share of the note when it matured. While the money was employed to buy property which went into the partnership, it was money of the two individual members of the firm when borrowed, and the note was not a partnership liability, but the joint debt of plaintiff and defendant. The jury by their verdict, under suitable instructions, adopted plaintiff's contention of the transaction, which finding has support in the testimony adduced on the trial. This being true, plaintiff could maintain a suit at law for contribution, since the cause of action was not connected with the partnership accounts, and their consideration is not involved herein. (17 Am. & Eng. Ency. Law, 1257-1262, and cases there cited; *Soul v. Frost*, 76 Me., 119; *Mullany v. Keenan*, 10 Ia., 224; *Bates v. Lane*, 62 Mich., 132; *Coffin v. McIntosh*, 34 Pac. Rep. [Utah], 247; *Carpenter v. Greenop*, 42 N. W. Rep. [Mich.], 276.)

Complaint is made of the following instruction, which was given at the request of plaintiff below:

"2. The jury are instructed that contracts between partners in respect to matters which, though relating to the partnership business, are separate and distinct from all other matters in question between the partners, and can be determined without going into partnership accounts, may be the subject of a suit at law between the partners, and, if you believe from the evidence that the $131 note sued upon, though relating to partnership matters, is separate and distinct from the partnership accounts and can be settled without going into the accounts of the partnership, you will find for plaintiff on said note."

It is admitted by defendant's counsel that the foregoing is correct as an abstract legal proposition, but the contention is that it was not applicable to the issue made by the pleadings and evidence. We think otherwise. It was predicated upon evidence in the case, and when read in connection with the other instructions given fairly submitted for the consideration of the jury one of the important issues involved.

Error is assigned upon the giving of this instruction tendered by plaintiff:

"1. If you find from the evidence that the payment of $20 to Mr. Haskell was made from funds derived from the partnership between the parties hereto, then it cannot be taken into account in this suit, and you will find for plaintiff for one-half of the note and the interest paid thereon, but if you find from the evidence that the defendant made said payment out of his separate money, not derived from the partnership existing, then you will find for the defendant on such items."

The foregoing related to the $20 joint note of plaintiff and defendant given to Mr. Haskell. Defendant in his answer pleaded payment thereof to Mr. Haskell as an off-set. It was established upon the trial that he paid $20 on this note. There was a conflict in the evidence whether it was paid out of defendant's own money, or was paid at plaintiff's request out of their joint funds, and the instruction did not invade the province of the jury, but permitted them to pass upon the disputed question of fact involved and directed that the verdict should be for plaintiff in case they reached a certain conclusion from the evidence, and in favor of the defendant if they found the facts to be different. The cause was fairly submitted to the jury, and there being no prejudicial error in the record, the judgment is

AFFIRMED.