BARNEY BROCKMAN, APPELLEE, V. F. OSTDIEK, APPELLANT.

FILED OCTOBER 16, 1907. No. 14,692.

Payment: AGREEMENT OF PARTIES. What may be received in payment of a debt is a matter of contract between the interested parties, with which, in the absence of fraud or mistake, the courts will not interfere.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. Affirmed.

G. W. Stubbs, F. H. Stubbs and O. L. Wroughton, for appellant.

W. A. Bergstresser, contra.

JACKSON, C.

The action is on a promissory note. The defendant pleaded failure of consideration and the statute of limitations. The parties waived a jury, and the finding and judgment of the district court was for the plaintiff. On the appeal to this court the single question of the statute of limitations is discussed.

The note in suit is dated June 13, 1893, and was payable one day after date. The action was commenced December 30, 1904. The controversy arises over the indorsement of a payment of $7.60 on March 6, 1902, in the absence of which the action would be barred. It appears that the defendant was a partner in a firm engaged in the mercantile business, to which firm the plaintiff was indebted for merchandise. The defendant's partner was urging payment of the account, and the plaintiff appealed to the defendant to adjust this item of indebtedness for him. Both agree that the defendant consented to do so. The defendant, however, claims that he authorized the plaintiff to credit the amount of the account on an indebtedness other than the note in suit, while the plaintiff claims that the defendant consented to have the amount of the account indorsed on the note. The plaintiff's contention is corroborated by other testimony, and the finding of the trial court in a law action carries with it the same weight as the verdict of a jury, and, being based on conflicting evidence, will not be disturbed on appeal.

The defendant, however, insists that as a partner he was not authorized to apply an indebtedness due to his firm in satisfaction of his individual debts. What the result might be if the partnership were in court contesting the right of the defendant to so deal with the partnership assets, it is unnecessary to determine, and the presumption will not prevail that the defendant has not reimbursed the partnership for the diminution of partnership assets on his account. The parties appear to have acted in good faith, and if they chose to agree that the indebtedness of

the plaintiff to the partnership should be applied as a payment on the defendant's note, the courts should not interfere, except at the instance of the partnership.

It is therefore recommended that the judgment of the district court be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.