CLYDE A. LINCH, APPELLEE, V. W. RAY LINCH, APPELLANT.
18 N. W. 2d 98

FILED MARCH 30, 1945.   No. 31874.

*Chambers, Holland & Locke,* for appellant.

*Beghtol & Rankin* and *John C. Mason, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

PAINE, J.

Suit was brought upon a promissory note. The answer alleged that the cause of action was barred by the statute of limitations, and, in addition, included a cross-petition setting up a counterclaim. Jury was waived, trial was had to the court, and judgment was entered for plaintiff in the sum of $11,438.35. Motion for new trial being overruled, defendant appealed to this court.

The plaintiff filed petition October 29, 1941, alleging that defendant executed his promissory note for $16,082.93, with 7 per cent interest from date, on January 1, 1932, said note being payable upon demand. In said note these words were written: "This note is to balance W. R. & C. A. Linch account to this date as book account will show", which was in

the handwriting of defendant. On the back of said note appeared the following endorsement: "Dec 31st 1936. Credits hereon agreed to between W. R. Linch & C. A. Linch leaves due hereon as of this date $7654.01."

Plaintiff alleged that he was the owner and holder of said note; that demand for payment had been refused; and that there was owing to him $7,654.01, with interest at 7 per cent from January 1, 1937.

The transcript shows that thereafter on December 11, 1941, and pursuant to defendant's motion to require plaintiff to make his petition more definite and certain, plaintiff filed an amendment to his petition in compliance therewith, and setting out the items of interest, credits and debits between the parties, which resulted in the balance of $7,654.01 due from defendant to plaintiff on January 1, 1937.

The defendant in his second amended answer and cross-petition denied all of the allegations of the petition as amended and alleged that the cause of action did not accrue within five years before the commencement of this action. The cross-petition alleged that these two brothers, the plaintiff living at Big Springs, Nebraska, since 1932, and the defendant living in Lincoln, were engaged in numerous business enterprises, and owned farm and business properties. The defendant sets out in said cross-petition a large number of transactions between the parties, involving rentals and expense items on country property and city property, and alleges that on January 1, 1939, on these items plaintiff had concealed from the defendant the true facts as to the accounts upon the operation of the farms in Garden and Keith counties. The agreement was that the plaintiff should operate these farms and annually submit a report of the crop and expenses of the operation, and defendant charges that plaintiff had concealed from defendant the true profits in the operation of these farms for the years 1934 to 1937, as shown by exhibit A, attached to the cross-petition, which exhibit A consists of four pages and itemizes the amount due the defendant from the plaintiff, and the prayer of the cross-petition is that judgment be rendered against the

plaintiff and for the defendant in the sum of $36,132.91, with interest at 6 per cent.

In the amended reply plaintiff alleges that the plaintiff and defendant were partners at all times mentioned in the second amended answer and cross-petition; that no dissolution thereof nor accounting has been had, and that said relationship still continues, therefore no right of action exists against the plaintiff by reason thereof, and for further answer plaintiff alleges that said cross-petition is not, and does not purport to be, a counterclaim or set off, nor do the matters alleged in the cross-petition arise out of the same transaction set forth in plaintiff's petition, nor are such matters germane to the original suit, which was upon a promissory note, and prays that the prayer of his petition be granted and that defendant take nothing by his second amended cross-petition.

Trial was had, and on February 24, 1944, a judgment was entered, which set out that the parties had waived a jury, the court had heard the evidence, the case was submitted, and the court found generally for the plaintiff that the plaintiff was the owner and holder of the note which had been executed and delivered by the defendant; that the balance due and unpaid on said note as of December 31, 1936, was the sum of $7,654.01. Judgment was entered for plaintiff and against defendant in the sum of $11,438.35, with interest at 7 per cent.

Thirty-one errors are relied upon for a reversal of this judgment, and for purposes of argument it is stated in the brief of the defendant as follows: "The errors relied upon for reversal present two matters for decision. First is that the judgment in this case is contrary to the evidence, and second is that the court erred in excluding all evidence in support of defendant's counterclaim."

In the specific errors relied upon for reversal, there are set out in the brief many rulings of the trial court sustaining objections of plaintiff to the offer of many exhibits, also sustaining his objections to a number of depositions, as well as to many questions in the oral evidence of witnesses, all

of such objections being consistently sustained by the court on the ground that such evidence was offered in support of the allegations of the cross-petition supporting alleged partnership transactions.

In an opinion in 1882, it was said that, if it was shown that a partnership existed, an action at law could not be maintained between the partners, but one should ask for an accounting. *Younglove v. Liebhart*, 13 Neb. 557, 14 N. W. 526.

"The rule is firmly established that ordinarily one partner cannot maintain an action at law against his copartner on matters relating to the partnership business until there has been a settlement of the accounts of the firm." *Halleck v. Streeter*, 52 Neb. 827, 73 N. W. 219.

But, on the other hand, as in the case at bar, if one partner gives the other his promissory note, an action at law is proper and will lie on such note, since such an instrument itself constitutes an acknowledgment of a separate debt between the parties. See Annotation, 21 A. L. R. 65.

"In suits upon contracts or transactions outside of the partnership, the partners stand in the same relation to each other in the courts as other persons. And where one partner has made advances or loans to another partner as an individual for the purpose of forming a partnership, or for furthering the interests and welfare of the partnership, the amount of such advances or loans is a personal debt of the promisor and is recoverable in an action at law without regard to the state of the partnership accounts." 21 Standard Ency. of Procedure, 12, sec. 6.

While such a suit upon a note is sometimes referred to as an exception to the rule that one partner may not maintain an action at law against another for breach of contract arising out of the partnership relation, it is more correct to say that they are not within the rule, because they are not within the reason of the rule. See 40 Am. Jur., sec. 475, p. 458.

As supported by the authorities set out above, plaintiff had an unquestioned right to bring suit at law for the balance due on the promissory note, and we agree with the

trial court that such a suit at law could not be turned into an equitable action for an accounting by means of the allegations of the cross-petition filed with the answer. Therefore, the ruling of the trial court in keeping out all evidence relating to general partnership matters in the trial of this law action was correct.

It is also true that, in a law action where a jury is waived the findings of fact of the trial judge have the same force and effect as a verdict of a jury, and will not be set aside unless clearly wrong. See *In re Estate of Hagan,* 143 Neb. 459, 9 N. W. 2d 794, 154 A. L. R. 573.

We will now examine the evidence in the case at bar. There is no dispute that the defendant signed the note, exhibit No. 1, and delivered it to plaintiff; that more than once, plaintiff testified, he came down to Lincoln to get settlement of this note, but that defendant always claimed he did not have things ready, but finally defendant told him to come down, that he had his books ready.

Plaintiff further testifies that he came down to Lincoln, and they met in defendant's office at 237 North Tenth street, on June 30, 1937. The evidence discloses that this is one large room, in the northeast corner of which defendant had his desk, back of a partition which did not go up to the ceiling. Cliff Caldwell testified he had worked there for seven years, and had drawn his salary from the Western Finance Company, a corporation, which was in reality Clyde and Ray Linch, the parties hereto.

Cliff Caldwell did all the typewriting in the preparation of exhibit No. 2. It is not clear just how all of the items were arrived at, some from the books and perhaps some from duplicate copies of the loose-leaf books which had been sent to plaintiff.

It was getting late in the day, and the statement had been completed only down to the end of the year 1936, a copy of it having been made for each one. The plaintiff testifies that defendant dictated the statement at the bottom of exhibit No. 2, reading: "W. R. Linch gave note today, dated January 1st, 1937, in the sum of $7,654.01, payable to C. A.

Linch in settlement of the above accounts"; that when the statement had been completed the defendant said it was all right, and plaintiff makes this answer: "A. Well, the settlement was all over and he didn't give me a new note that night. He didn't say he wouldn't or anything else. Next day I was going home and I asked him for a new note and he said, 'Just credit it on the old one, it is the same thing.'"

The plaintiff testifies that, in accordance with defendant's request, he took a copy of exhibit No. 2 to his home, and a few days later took the original note from his safe deposit box in a Big Springs bank and wrote on the back of it: "Dec 31st 1936. Credits hereon agreed to between W. R. Linch & C. A. Linch leaves due hereon as of this date $7654.01."

The defendant denies that he told plaintiff to make this credit on the note, but the trial judge saw these brothers upon the witness stand, heard their testimony, and decided that there was actually a voluntary payment made on this note which reduced it, as of the date December 31, 1936, to $7,654.01. This finding on disputed evidence must have the same effect on appeal with this court as the verdict of a jury. Therefore, the statute of limitations was tolled by the payment made as set out herein. See *Kienke v. Hudson,* 126 Neb. 551, 253 N. W. 687; *Price v. Platte Valley Public Power and Irrigation District,* 139 Neb. 787, 298 N. W. 746; *Blair v. Estate of Willman,* 105 Neb. 735, 181 N. W. 615; *Brockman v. Ostdiek,* 79 Neb. 843, 113 N. W. 529.

Finding no prejudicial error in the judgment of the trial court, the same is hereby affirmed.

AFFIRMED.