DARRYL D. JAMESON, APPELLANT, v. V. WILLIAM GIACALONE, APPELLEE.

337 N.W.2d 120

Filed July 29, 1983. No. 82-515.

Anderson, Strasburger, Klein, Peterson and Swan, for appellant.

Charles J. Cuypers of Sherwood Law Office, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

Appellant, Darryl D. Jameson, filed suit to recover on a note given by appellee, V. William Giacalone as his contribution to the partnership capital account. Appellee answered, admitting the execution of the note and nonpayment but alleging by amended cross-petition that he was entitled to certain setoffs and to damages by reason of appellant's alleged misconduct which resulted in the failure of the partnership enterprise. In effect, the appellee asked for an accounting.

We note at the outset that this is a law action. In *Fleischer v. Broders*, 178 Neb. 723, 730, 135 N.W.2d 5, 10 (1965), we said: "That a party has a right to bring an action on a note by one partner for advance to another for the purpose of carrying his obligations under the partnership agreement and to further its interest is well established. Linch v. Linch, 145 Neb. 792, 18 N.W.2d 98. Ordinarily recovery on said note may be had,, without regard to the status of the partnership accounts, and ordinarily such action may not be turned into an equitable action for accounting by cross-petition. Linch v. Linch, *supra*."

The cause was tried to the court, and therefore the findings of the trial court have the effect of a jury verdict and will not be set aside unless clearly wrong. *Quinn v. Godfather's Investments*, 213 Neb. 665, 330 N.W.2d 921 (1983).

The trial court found that the note was executed, not paid, and found for appellant in the principal

amount of $9,075, with interest as provided in the note. The trial court also found that the partnership payments on a pickup truck originally owned by appellant, transferred to the partnership, and at dissolution transferred back to appellant should be charged to appellant in the amount of $2,814.

The trial court also found appellee was entitled to be credited with payment by personal funds of a partnership debt in the amount of $750 and, further, that appellant was properly chargeable with withdrawals of $2,928.

The trial court also found that the appellee was damaged in the amount of the balance of his debt to the partner of $5,487. The effect of these findings was to completely offset the judgment for appellant on the note, so that neither party recovered from the other.

Having examined the record, we are satisfied that there is evidence to support the trial court's findings. It would serve no purpose to detail the misconduct of appellant in the discharge of his duties as a partner and in his personal life, which the trial court could and did find resulted in the destruction of the partnership reputation and the dissolution of the partnership.

AFFIRMED.